Opinion for the court filed by Circuit Judge BRYSON.
Dissenting opinion filed by Circuit Judge DYK.
BRYSON, Circuit Judge.
Marie C. Conforto seeks review of the Merit Systems Protection Board’s dismissal of her appeal for lack of jurisdiction. Although she sought review in this court, Ms. Conforto now challenges this court’s jurisdiction to hear her appeal in light of the Supreme Court’s recent decision in Kloeckner v. Solis, — U.S. -, 133 S.Ct. 596, 184 L.Ed.2d 433 (2012). For the reasons explained below, we conclude that we have jurisdiction over this appeal, and we affirm the Board’s decision.
I
Ms. Conforto worked for the Department of the Navy until she retired on December 31, 2010. At the time of her retirement, she had worked in the Department for 39 years and held the position of Supervisory Contract Specialist in the Material Management Department.
Ms. Conforto alleges that she was forced to retire at the end of 2010 because of a *1114 series of events that occurred at her workplace during the previous year. She contends that those events were motivated by age and sex discrimination, as well as retaliation for her prior equal employment opportunity (“EEO”) activity. The particular incidents about which she complained are the following: in December 2009, her parking, space was taken away; in March 2010, one of her subordinates was promoted to a vacated position instead of her; in April 2010, she was denied permission to attend a training session; and in July 2010, she felt pressured into canceling a training session that she had planned to attend. In September 2010, following those events, Ms. Conforto advised her agency’s human resources office that she wished to retire as of December 31 of that year.
In the months after Ms. Conforto submitted her retirement papers but before her retirement became effective, several more events occurred that she alleges were the products of discrimination or retaliation. In October 2010, her supervisor criticized her work progress by email and then issued her a formal letter of reprimand. In November 2010, Ms. Conforto alleges, her supervisor denied her request for sick leave, and in December he issued her a notice proposing to suspend her for seven days. Finally, she complains that after her retirement the agency issued her a letter charging her with improperly copying materials from her work computer, gave her a negative interim appraisal for the year 2010, and did not give her a bonus or raise for that year.
As these events unfolded, Ms. Conforto filed an EEO complaint with her agency in June 2010, alleging discrimination based on age and sex as well as reprisal for prior EEO activity. She later amended her EEO complaint to allege that she had been forced to retire because of harassment. In October 2011, the agency issued its decision on Ms. Conforto’s EEO complaint. Following a detailed factual analysis of her claims, the agency concluded that Ms. Conforto had not been subjected to discrimination or retaliation and that she had retired voluntarily, not because of discriminatory or retaliatory conduct by agency personnel.
Ms. Conforto appealed the agency’s decision to the Board in December 2011. The administrative judge who was assigned to her case issued an order advising her that the Board might not have jurisdiction over her appeal because retirement is presumed to be a voluntary act. Under this court’s en banc decisions in Cruz v. Department of the Navy, 934 F.2d 1240, 1248 (Fed.Cir.1991), and Garcia v. Department of Homeland Security, 437 F.3d 1322, 1328 (Fed.Cir.2006), the Board lacks jurisdiction over an employee’s voluntary decision to resign or retire. In response to the administrative judge’s order, Ms. Conforto replied that the Board had jurisdiction over her appeal because her retirement was the product of coercion by the agency. As such, she contended, her involuntary retirement constituted a constructive removal and thus fell within the Board’s jurisdiction. See 5 U.S.C. §§ 7512(1); 7513(a), (d); 7701(a); Garcia, 437 F.3d at 1328-30.
The administrative judge dismissed Ms. Conforto’s appeal for lack of jurisdiction. According to the administrative judge, Ms. Conforto had failed to make a nonfrivolous allegation that her retirement was involuntary, and thus she was not entitled to a hearing on the issue of jurisdiction. Analyzing Ms. Conforto’s allegations, the administrative judge found that even the most serious actions of which she complained — the letter of reprimand and the proposed seven-day suspension — could not support a claim of coerced retirement be *1115 cause they did not leave her without any reasonable alternative but to retire. In addition, the administrative judge noted that Ms. Conforto had not alleged any facts suggesting that the agency knew it could not justify those actions.
The administrative judge pointed out that the agency had provided a detailed analysis of Ms. Conforto’s allegations and had concluded that there was a legitimate basis for each of the actions of which she complained. According to the administrative judge, Ms. Conforto had “not made any specific factual allegations to call these conclusions into question.” Moreover, the administrative judge noted that the most serious actions — the letter of reprimand and the proposed suspension — occurred after September 2010, when Ms. Conforto advised the agency that she would retire as of the end of the year. The timing of those incidents, according to the administrative judge, “undercut[] any assertion that her retirement was prompted by” those events. In sum, the administrative judge concluded that while Ms. Conforto alleged that she felt subjectively that she had no choice but to retire, “the circumstances she alleges would not make a reasonable person believe that she had no realistic alternative but to resign or retire.” The administrative judge ruled that Ms. Conforto had failed to make a non-frivolous showing that the agency had coerced her into retiring and thus that she had failed to satisfy her burden of showing that her retirement was involuntary.
After the administrative judge’s initial decision became final, Ms. Conforto appealed to this court.
II
The first issue we must address is whether this court has jurisdiction to review the Board’s ruling under the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 et seq. Resolving that question requires a brief discussion of the options open to a federal employee complaining of discrimination in the workplace. First, the employee may file an EEO complaint with the employing agency; if the employee does so, the agency is obligated to investigate and take final action on the complaint. 29 C.F.R. §§ 1614.101-110. If dissatisfied with the agency’s resolution of the complaint, the employee may bring an action in a United States district court. Id. § 1614.407. In the case of discrimination based on race or sex, that action would be brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). In the case of age discrimination, that action would be brought under the Age Discrimination in Employment Act, 29 U.S.C. § 626(c). Alternatively, the employee may appeal the agency’s decision to the Equal Employment Opportunity Commission (“EEOC”), and then to a district court. 29 C.F.R. §§ 1614.401-405. In certain cases, the employee has a third option — to file an appeal from the employing agency’s final action to the Merit Systems Protection Board. Id. § 1614.302.
An appeal to the Merit Systems Protection Board is available only in cases in which the adverse action in question falls within the Board’s jurisdiction, such as in the case of removal or suspension for more than 14 days. 5 U.S.C. § 7512; see id. §§ 7513(a), (d), 7701(a). If the Board has jurisdiction to review an agency action against an employee, Congress has also authorized it to adjudicate the employee’s claims of discrimination that would otherwise fall outside the Board’s jurisdiction. Id. § 7702(a)(1); 29 C.F.R. § 1614.302; see Garcia, 437 F.3d at 1335. Such a case is referred to as a “mixed case appeal.” 29 C.F.R. § 1614.302(a)(2). By alleging forced retirement in addition to her discrimination claims, Ms. Conforto sought to *1116 bring her case before the Board as a mixed case appeal in which the Board would review both the adverse employment action and the related discrimination claims.
If an employee loses her mixed case appeal on the merits of her discrimination claim, she may obtain further review of the adverse decision, either from a district court or from the EEOC and then (if necessary) a district court, but not from this court. 5 U.S.C. §§ 7702(a)(3), 7703(b)(2); see 29 C.F.R. 1614.303-310. That much is clear from the statutes and regulations pertaining to mixed case appeals.
It is now equally clear that the district court’s jurisdiction would also extend to review of a mixed case appeal that the Board dismissed on procedural grounds, such as untimeliness. That is the holding of the Supreme Court’s recent decision in Kloeckner v. Solis. As a result, the district court, and not this court, is charged with jurisdiction over any mixed case appeal that the Board resolves either on the merits or on procedural grounds. That in effect means that any case in which the Board exercises its jurisdiction to decide a discrimination claim, and in which the employee seeks review of that decision, is not appealable to this court. See Garcia, 437 F.3d at 1348 n. 6.
This case requires us to decide what court has reviewing authority when the Board decides that it does not have jurisdiction over an appeal because the challenged agency action is not within the Board’s statutory power to review. Before Kloeckner, we consistently held that judicial review of the Board’s “no jurisdiction” rulings resides in this court. Even though Ms. Conforto filed her appeal in this court, she now argues, based on Kloeckner, that this court lacks jurisdiction over her appeal and that her case should be transferred to a district court. After close consideration of the Kloeckner decision and a careful review of the statutes that govern mixed case appeals, we conclude that this court has jurisdiction to review a determination by the Board that it lacks statutory jurisdiction over an employee’s appeal. That category includes the Board’s decision that it lacked jurisdiction over Ms. Conforto’s appeal because her retirement was voluntary and therefore did not constitute an “adverse action” within the meaning of section 7512.
A
For years, we have held that appeals such as Ms. Conforto’s must come to this court. Ballentine v. Merit Sys. Prot. Bd., 738 F.2d 1244, 1247-48 (Fed.Cir.1984); see Oja v. Dep’t of the Army, 405 F.3d 1349, 1355 (Fed.Cir.2005); Lang v. Merit Sys. Prot. Bd., 219 F.3d 1345, 1347 n. 2 (Fed. Cir.2000); Austin v. Merit Sys. Prot. Bd., 136 F.3d 782, 784 (Fed.Cir.1998); King v. Lynch, 21 F.3d 1084, 1089 (Fed.Cir.1994); Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1458-59 (Fed.Cir.1984); Hopkins v. Merit Sys. Prot. Bd., 725 F.2d 1368, 1370 (Fed.Cir.1984). The court held that appeals should be taken to this court not only in cases that the Board dismissed for lack of jurisdiction, but also in cases in which the Board exercised jurisdiction over the appeal but disposed of it on procedural grounds without reaching the merits of the employee’s discrimination claim. Thus, in Ballentine, this court noted that section 7702(a)(1) requires the Board to decide “both the issue of discrimination and the appealable action.” 738 F.2d at 1246. The court then reasoned that under the statutory scheme, “the judicially renewable action by the MSPB which makes an appeal a ‘case of discrimination’ under § 7703(b)(2) that can be filed in district court is that the MSPB has decided ‘both *1117 the issue of discrimination and the appeal-able action.’ ” Id. Therefore, the court concluded, judicial review would be proper in district court only if the Board decided the merits of the discrimination claim. In other cases, including dismissals on procedural grounds, we held that this court would be the proper forum to review the Board’s decision.
Several circuits adopted the position taken by this court, holding that judicial review of mixed case appeals dismissed in the first instance by the Board on any non-merits grounds fell under our jurisdiction. See McCarthy v. Vilsack, 322 Fed.Appx. 456, 458 (7th Cir.2009); Powell v. Dep’t of Def., 158 F.3d 597, 598-99 (D.C.Cir.1998); Sloan v. West, 140 F.3d 1255, 1261-62 (9th Cir.1998); Blake v. Dep’t of the Air Force, 794 F.2d 170, 172-73 (5th Cir.1986); cf Burzynski v. Cohen, 264 F.3d 611, 620-21 (6th Cir.2001) (holding judicial review of a jurisdictional dismissal by the Board must be in the Federal Circuit).
Two circuits departed from the approach employed in Ballentine and held that judicial review in cases in which the Board rejected the employee’s claim on procedural grounds belongs in district court and not in this court. See Harms v. Internal Rev. Serv., 321 F.3d 1001, 1008 (10th Cir.2003); Downey v. Runyon, 160 F.3d 139, 144-45 (2d Cir.1998). Importantly, the circuits that departed from our rule did so in cases in which the Board had jurisdiction over the employee’s adverse action appeal but did not reach the merits of the employee’s discrimination claim due to a procedural fault. Those courts did not hold that the Federal Circuit would be the wrong forum to review a ruling by the Board that it lacked jurisdiction over the employee’s adverse action claim. In fact, in Harms the Tenth Circuit specifically stated that “when the MSPB decides that it lacks jurisdiction over an appeal because the employment action is not within the MSPB’s designated appellate jurisdiction, the appeal is not a ‘case of discrimination’ under § 7702(a)(1),” and accordingly the appeal should be reviewed by the Federal Circuit. 321 F.3d at 1008.
In Kloeckner v. Solis, 639 F.3d 834 (8th Cir.2011), the Eighth Circuit had occasion to address the conflicting precedents on this issue. The court noted that the Harms case taught that this court was the proper forum for judicial review when the Board dismissed for lack of jurisdiction, but not when the Board dismissed for non-jurisdictional procedural reasons. Id. at 837. The Eighth Circuit adhered to the majority rule, however, holding that judicial review in both classes of cases should be in this court and that district courts would have jurisdiction over mixed case appeals only if the Board reached the merits of the employee’s discrimination claim. Id. at 838.
The Supreme Court granted review in Kloeckner and reversed. Endorsing the minority view, the Court held that judicial review of procedural dismissals by the Board must be obtained in district court. The Court, however, was silent on the question of how to treat jurisdictional dismissals, such as the one at issue in this case.
B
Although the Supreme Court in Kloeck-ner did not explicitly address the jurisdictional issue presented here, the statutory text, the Court’s rationale in Kloeckner, our own prior decisions, arid the decisions of other courts all indicate that an appeal from the Board’s dismissal for lack of jurisdiction belongs in this court.
The statutory point is simple but compelling. Section 7703(b)(1) of Title 5 states that, except for one relevant excep *1118 tion provided in section 7703(b)(2), review of a final order of the Merit Systems Protection Board will be in the Federal Circuit. Section 7703(b)(2) states that “cases of discrimination subject to the provisions of section 7702” shall be filed in the district court. Therefore, appeals of Board decisions must be brought in the Federal Circuit unless they are subject to section 7702. Section 7702, in turn, applies to cases in which an employee “(A) has been affected by an action which the employee ... may appeal to the Merit Systems Protection Board” and “(B) alleges ... discrimination.” 5 U.S.C. § 7702(a)(1). These are the mixed case appeals. Because an employee “may appeal to the Merit Systems Protection Board” only if the employee’s claim is within the Board’s appellate jurisdiction, the plain import of this statutory language is that a purported mixed case appeal is reviewed by a district court only if the Board has jurisdiction to decide the appeal from the adverse action in issue.[1]
It therefore follows- that sections 7703(b)(1) and 7702(a)(1)(A) give this court jurisdiction to review a Board determination that an employee’s case is not appeal-able to the Board, regardless of whether the employee has sought to raise claims of agency discrimination. Thus, for example, if an employee sought Board review of a minor disciplinary action, such as suspension for fewer than 15 days, the appeal would plainly be outside the Board’s jurisdiction, and review of the Board’s decision would be in this court, not in the district court, even if the employee contended that the action was taken because of discriminatory animus. The statute, moreover, requires that the Board actually have jurisdiction over the employee’s claim, not merely that the employee allege Board jurisdiction. As we held in our en banc decision in Cruz, “mere assertion does not provide a basis for Board jurisdiction in [a] voluntary resignation case.” Cruz, 934 F.2d 1240, 1245.
The Supreme Court’s decision in Kloeck-ner supports our conclusion. The employee in Kloeckner filed her discrimination claim after the 30-day regulatory deadline provided for in 5 C.F.R. § 1201.154(a). Thus, her claim was barred under a procedural rule; the Board dismissed her case only after finding that she had failed to show good cause for her delay. In holding that the district court could hear her claim, the Supreme Court reversed only the line of authority holding that “mixed cases” dismissed by the Board on procedural grounds were appealable to this court.
The scope of the Court’s holding in Kloeckner is clear in light of the issue the Court took the case to decide. The Court granted certiorari “to resolve a Circuit split on whether an employee seeking judicial review should proceed in the Federal Circuit or in a district court when the MSPB has dismissed her mixed case on procedural grounds.” Kloeckner, 133 S.Ct. at 603. As we have noted, the courts of appeals that have addressed the issue have unanimously agreed that this court is the appropriate forum for jurisdictional dismissals, and therefore there was no circuit split for the Supreme Court to resolve on that point. The Court reiterated several times throughout its opinion that it was deciding the question whether judicial re *1119 view of procedural dismissals of mixed case appeals should go to the Federal Circuit. Id. at 600, 602-07.[2] By contrast, the Court never mentioned jurisdictional dismissals, nor did it suggest that the rule it adopted applied to any cases falling outside the Board’s jurisdiction.
Importantly, the Court reached its decision pursuant to a statutory analysis similar to the one we have undertaken here. It held, as we do today, that “mixed cases” are those subject to section 7702. 133 S.Ct. at 603-05. Significantly, the Court characterized mixed cases, which it held are judicially reviewable in district court, as “those appealable to the MSPB and alleging discrimination.” Id. at 604. And the Court pointed out that Ms. Kloeckner had been removed and thus undoubtedly “she was affected by an action (i.e., removal) appealable to the MSPB.” Id. The Court did not suggest that the same rule would apply to cases falling outside the Board’s jurisdiction, such as resignations or retirements that were not shown to be involuntary.
Because Kloeckner does not bear on the precise question before us, the rule we apply today must be consistent with the binding law of this circuit. In Ballentine, we analyzed section 7702(a)(1) and concluded that it dictated that jurisdictional dismissals by the Board were reviewable in this court. 738 F.2d at 1246-47. Although we applied that principle to procedural dismissals as well, that aspect of the decision was not necessary to resolve the case. Id. Thus, while the Supreme Court’s decision in Kloeckner rejected Ballentine’s extension of its holding to procedural dismissals, it did not affect the portion of Ballentine that dealt with jurisdictional dismissals. For that reason, this court’s statutory analysis of jurisdictional dismissals in Ballentine and subsequent cases is still good law,[3] and we are required to follow it. See Oja, 405 F.3d at 1355; Austin, 136 F.3d at 784; King, 21 F.3d at 1089.
Finally, our decision in this case is consistent with the unanimous view of the circuits that have addressed this question. As we have observed, the two circuits that had rejected this court’s analysis in Bal-lentine addressed Board dismissals on procedural grounds, not for lack of jurisdiction. And the Tenth Circuit in Harms specifically reasoned, in the course of holding procedural dismissals to be reviewable in district court, that it would have adopted a different view if the Board had dismissed the appeal on jurisdictional, rather than procedural, grounds. 321 F.3d at 1008.
C
Contrary to the dissent, our decision does not deprive a litigant such as Ms. Conforto of the right to a ruling on her discrimination claims. As the Supreme Court made clear in Kloeckner, 133 S.Ct. at 601, a federal employee in Ms. Confor-to’s position can elect to bypass the Merit Systems Protection Board altogether and *1120 file a complaint against her agency in district court. See Garcia, 437 F.3d at 1342. Our jurisdictional decisions affect only those cases in which an employee elects to proceed by appealing to the Merit Systems Protection Board but the Board concludes it does not have jurisdiction over the employee’s appeal.
In such a case, if we hold that the Board was correct in its jurisdictional ruling, relief from the Board is of course closed to the employee. But the employee is free to pursue any other remedy that the employee has preserved, such as a Title VII action in district court. See Cruz, 934 F.2d at 1247-48; Sloan, 140 F.3d at 1260-61.[4] If, on the other hand, we hold that the Board' does have jurisdiction, the case returns to the Board for resolution of the merits of the discrimination claim, with review of that ruling available in the district court.
The dissent asserts that in the context of claims of involuntary separation, deciding the issue of. Board jurisdiction necessarily requires this court to decide the merits of the employee’s discrimination claim, because the issues of discrimination and Board jurisdiction are “identical.” That is not so, as this court explained in Garcia, 437 F.3d at 1341. In order to establish the Board’s jurisdiction, the employee must show that he was forced to resign or retire. The employee in such cases may claim that he was forced to resign or retire in part or in whole because of discrimination by the agency, but the two questions — involuntariness and discrimination — present distinct issues: whether improper conduct by the agency compelled the employee to resign, and whether the allegedly improper conduct was the product of discrimination. Coercion can be found without proof that the improper conduct was the product of discrimination, and discrimination can be found without proof that the discriminatory conduct was so serious as to compel the employee to resign. Id. The presence of discrimination is neither necessary nor sufficient to give the Board jurisdiction over a constructive removal claim.[5]
With respect to the issue of coercion — the precise issue presented to us in appeals of this kind — our role is simply to determine whether the employee has made a sufficient showing of coercion to give the Board authority to decide a case that would otherwise be outside the statutory limits of its jurisdiction. We established that principle in our en banc decision in Garcia, and although the dissenting judge *1121 in this case disagrees with that decision, we are not free to disregard it.
In sum, we conclude that the plain language of section 7702(a)(1) dictates that when the Board dismisses a purported mixed case appeal for lack of jurisdiction, any appeal from that decision is to this court. We decline Ms. Conforto’s invitation to read the Supreme Court’s decision in Kloeckner so broadly as to remove this court’s jurisdiction over appeals in such cases. In this case, the Board found that Ms. Conforto’s retirement was voluntary and therefore held, in accordance with the binding precedent of this court, that it lacked jurisdiction over her claim of constructive removal. For that reason, the exception to our jurisdiction described in sections 7702(a) and 7703(b)(2) does not apply. We have jurisdiction to decide Ms. Conforto’s appeal.
Ill
On the merits of the jurisdictional issue, the Board was correct in ruling that Ms. Conforto failed to make a non-frivolous showing that her retirement was “ ‘involuntary and thus tantamount to forced removal.’ ” Garcia, 437 F.3d at 1328, quoting Shoaf v. Dep’t of Agric., 260 F.3d 1336, 1340-41 (Fed.Cir.2001). We therefore uphold the Board’s ruling dismissing her appeal without a hearing.
The two principal grounds on which employees have sought to show that their resignations or retirements were involuntary are (1) that the resignation or retirement was the product of misinformation or deception by the agency, see Covington v. Dep’t of Health & Human Servs., 750 F.2d 937, 942 (Fed.Cir.1984), and (2) that the resignation or retirement was the product of coercion by the agency, see Dumas v. Merit Sys. Prot. Bd., 789 F.2d 892, 894 (Fed.Cir.1986). Ms. Conforto relies on the latter ground, invoking the principle that a retirement can be involuntary if the employee’s agency coerced her into retiring “ ‘by creating working conditions so intolerable’ ” that she was “ ‘driven to involuntarily ... retire.’ ” Garcia, 437 F.3d at 1328, quoting Shoaf 260 F.3d at 1341.
The test for involuntariness is objective. The employee must overcome the presumption that her resignation or retirement was voluntary and must do so by establishing “ ‘that a reasonable employee confronted with the same circumstances would feel coerced into resigning’ ” or retiring. Garcia, 437 F.3d at 1329, quoting Middleton v. Dep’t of Def., 185 F.3d 1374, 1379 (Fed.Cir.1999); see also Terban v. Dep’t of Energy, 216 F.3d 1021, 1024-25 (Fed.Cir.2000). Ms. Conforto was entitled to a hearing only if she made a non-frivolous showing of coerced retirement. Garcia, 437 F.3d at 1344.
The doctrine of coercive involuntariness “ ‘is a narrow one,’ requiring that the employee ‘satisfy a demanding legal standard.’ ” Id. at 1329, quoting Stoats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed.Cir.1996). An employee’s dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary. See Mueller v. U.S. Postal Serv., 76 F.3d 1198, 1202-03 (Fed. Cir.1996); Taylor v. United States, 591 F.2d 688, 692 (Ct.Cl.1979) (“[T]he fact that an employee is faced with an unpleasant situation or has to choose between two unpleasant alternatives does not make the resulting action involuntary unless there is deception, coercion, duress, time pressure or intimidation.”). Thus, the doctrine of coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions such as “a new assignment, a transfer, or other measures that the agency is authorized to *1122 adopt, even if those measures make continuation in the job so unpleasant ... that he feels that he has no realistic option but to leave.” Staats, 99 F.3d at 1124. Moreover, the coercion must be “the result of improper acts by the agency.” Id.
The agency conducted a detailed analysis of Ms. Conforto’s allegations and concluded that there was a reasonable, nondiscriminatory explanation for each of the incidents of which she complained. For example, with respect to her allegation that the agency took away her designated parking spot, the agency explained that all the parking spaces for employees in her department were taken away when it was discovered that those parking places were being used without authorization and that those individuals should have been using staff parking spots. With respect to her complaint about being denied a promotion, the agency explained that no promotion was at issue; rather, another individual was designated to act as the Acting Department Head in the absence of the Department Head (a military position), and that the decision was based on an internal recommendation as to who was best suited to take over that responsibility. Moreover, Ms. Conforto was eventually assigned the role of Acting Department Head after that individual vacated the position.
In investigating Ms. Conforto’s contentions regarding the disapproval of training opportunities, the agency found that the April 2010 training was not required for Ms. Conforto’s position and that, because of budgetary considerations, Ms. Confor-to’s division was able to send only four people to the April 2010 training session. The supervisor who made the selection, according to the agency’s findings, did so based on the selectees’ field of expertise. As for the day-and-a-half training session that Ms. Conforto wished to attend in early August, entitled “Take Back Your Life,” the agency concluded that Ms. Conforto had not been prevented from attending the session. However, according to the agency’s findings, an important audit for Ms. Conforto’s division was to occur only a few days after the training session, and the responsible agency officials advised her that although she was free to attend the training session, the department’s performance in the audit was her responsibility. Ms. Conforto ultimately decided not to attend the training session.
The agency conducted a similar analysis of each of the allegations of discrimination that, according to Ms. Conforto, occurred during the months after she advised the agency, in September 2010, that she was going to retire as of the end of that year. The agency concluded that the October 2010 letter of reprimand sent to Ms. Con-forto was based on her failure to complete her assigned tasks and her unprofessional conduct in dealings with one of her supervisors. The agency further stated that the agency official who proposed a seven-day suspension for Ms. Conforto (which was never effected) did so based on her failure to complete assignments, a leave violation, and inappropriate conduct on her part. As to the denial of sick leave, the agency concluded that Ms. Conforto’s supervisor had denied her request for leave because he believed it was for annual leave for a day in which her presence was required, but that when Ms. Conforto clarified that the request was for medical reasons, he approved the request.[6]
*1123 As the administrative judge noted, Ms. Conforto’s response to his order to show why the Board had jurisdiction over her case did not contain a factual response to the agency’s analysis. Instead, she simply re-asserted her claims that the various incidents that occurred between late 2009 and early 2011 were all motivated by unlawful discrimination and retaliation both for her prior EEO activities and for her appeal of her 2009 performance rating.
Given the state of the record, the administrative judge was clearly correct to hold that Ms. Conforto failed to satisfy her burden of making non-frivolous allegations that she had been subjected to coercive pressures sufficient to compel a reasonable person to retire involuntarily. In short, she did not demonstrate that she had no realistic alternative but to resign or retire, and that her retirement was the result of “improper acts” by the agency. Schultz v. U.S. Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987). For that reason, we sustain the Board’s decision that Ms. Conforto failed to show that her retirement was involuntary — and thus tantamount to a removal action. Accordingly, the Board correctly held that it lacked jurisdiction over her appeal.
AFFIRMED

. The dissent contends that the same analysis would apply to procedural dismissals, as "an employee also may only appeal to the Board if he does so within the applicable time limits,” including the procedural 30-day limit set out in 5 C.F.R. § 1201.154(a). But that is not true. The Board has the authority to entertain appeals that are procedurally defective under its own regulations, see 5 C.F.R. § 1201.12, but it may not hear a case over which it lacks jurisdiction.

. In light of the Supreme Court's consistent reference to "procedural” dismissals, we do not agree with the dissent that Kloeckner was simply silent on the distinction between procedural and jurisdictional limitations.

. The dissent argues that Kloeckner overruled Ballentine in its entirety because “Ballentine, like Kloeckner, involved the application of rules governing the time for filing.” That argument ignores the fact that, unlike the regulatory 30-day period at issue in Kloeck-ner, the timing issue in Ballentine was jurisdictional. Ballentine had brought his challenge before either the agency decision had issued or 120 days had passed since his initial complaint. Ballentine, 738 F.2d at 1248; see 5 U.S.C. § 7702. Consequently, the Board lacked jurisdiction over his appeal.

. Courts have uniformly stated that the decision of the Board, or of this court, holding that the Board lacks jurisdiction over the employee’s appeal, would not be given collateral estoppel effect in a discrimination action brought in district court. Powell, 158 F.3d at 599 n. 2; Sloan, 140 F.3d at 1262 n. 20; Dews-Miller v. Clinton, 707 F.Supp.2d 28, 53 n. 19 (D.D.C.2010); Burrell v. U.S. Postal Serv., 164 F.Supp.2d 805, 811 (E.D.La.2001); Long v. Frank, 808 F.Supp. 961, 966 (E.D.N.Y.1992).

. Contrary to the dissent, Cruz did not hold that any employee "must prove that the discrimination existed in order to prove coercion (and therefore Board jurisdiction)." See Cruz, 934 F.2d at 1244 ("Cruz has submitted no evidence ... indicating that his resignation was involuntary.”). We also rejected the dissent's contention in Garcia, 437 F.3d at 1341 (noting "differences between the jurisdictional issues and the merits of the discrimination claim,” including that "in mixed cases the discrimination claim itself is adjudicated using the elements, burdens, and defenses specific to the underlying discrimination statute.”). The dissent is therefore mistaken to suggest that differences between the jurisdictional issue and the discrimination claim go only to “the scope of relief” available to the employee, and not the merits of the claim itself.

. The administrative judge also observed that Ms. Conforto had already advised the agency of her decision to retire at the time of the October and November 2010 actions about which she complains. She has not explained how those actions support her claim that her decision to retire was the product of coercion.