NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT W. STEELE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3065

---

Petition for review of the Merit Systems Protection Board in No. CH0752120680-I-1.

---

Decided: September 16, 2013

---

ROBERT W. STEELE, of Versailles, Indiana, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were BRYAN G. POLISUK, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before O'MALLEY, CLEVENGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Petitioner Robert W. Steele seeks review of an order of the Merit Systems Protection Board ("Board") dismissing his appeal for want of jurisdiction and, in the alternative, for untimely filing of the appeal. *Steele v. Dep't of Agric.*, No. CH-0752-12-0680-I-1 (M.S.P.B. Dec. 5, 2012) [hereinafter *Decision*]. We *affirm*.

BACKGROUND

Until September 28, 1984, Mr. Steele was an employee of the U.S. Soil Conservation Service ("SCS").[1] He resigned from the SCS after he was informed that he was going to be demoted and reassigned in March of that same year. Mr. Steele filed an appeal to the Board on August 10, 2012, alleging that his resignation from the SCS twenty-eight years earlier was involuntary.

On December 5, 2012, the administrative judge assigned to his case dismissed his appeal. *Decision* at 6. The judge found that, because Mr. Steele's resignation from the SCS was voluntary, the Board lacked jurisdiction over his appeal. *Decision* at 4. The judge also found that, even if the Board had jurisdiction, the appeal was untimely filed. *Decision* at 4-5.

Mr. Steele filed a petition for review of the decision to the Board on December 10, 2012, but subsequently withdrew it. The administrative judge's initial decision therefore became the final decision of the Board on January 9, 2013. Mr. Steele timely filed his appeal of the Board's

---

[1]    The Soil Conservation Service is now known as the Natural Resources Conservation Service.

final decision, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of a decision of the Board is circumscribed by statute. We can set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's determination of its own jurisdiction is a question of law that we review *de novo*, *Hawkins v. Merit Sys. Prot. Bd.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012), and the underlying findings of fact are reviewed for substantial evidence, *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed. Cir. 2011).

The administrative judge correctly concluded that the Board was without jurisdiction over Mr. Steele's appeal. *Decision* at 6. "The board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation." *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). "[T]he Board lacks jurisdiction over an employee's voluntary decision to resign or retire." *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1114 (Fed. Cir. 2012). An employee's resignation or retirement is presumed voluntary. *Id.* at 1121. "The two principal grounds on which employees have sought to show that their resignations or retirements were involuntary are (1) that the resignation or retirement was the product of misinformation or deception by the agency, and (2) that the resignation or retirement was the product of coercion by the agency." *Id.* at 1114 (citation omitted). Mr. Steele argues that the demotion and reassignment he was given forced him into resigning; accordingly, we analyze whether his resignation was the product of the SCS's coercion.

As we have held, "[t]he doctrine of coercive involuntariness 'is a narrow one,' requiring that the employee 'satisfy a demanding legal standard.'" *Conforto*, 713 F.3d at 1121. To invoke this doctrine to overcome the presumption of a voluntary resignation, Mr. Steele must show that, as "'[a] result of improper acts by the agency,'" he was subjected to such circumstances that an objective, reasonable employee "'. . . confronted with the same [] would feel coerced into resigning' or retiring." *Id.* at 1121, 1122 (citing *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006)); *see also Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001) ("As a general proposition, to establish involuntariness on the basis of coercion this court requires an employee to show: (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency."). In this analysis, "[a]n employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary." *Conforto*, 713 F.3d at 1121. "[T]he doctrine of coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions such as 'a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave.'" *Id.* at 1121-22. "[O]ur case law has . . . emphasized that freedom of choice is a central issue." *Garcia*, 437 F.3d at 1329.

Mr. Steele has not demonstrated how a reasonable person in his position would have felt coerced into resigning. He also has not pointed to what the SCS had done that was improper. According to Mr. Steele's account, he "moved on" from the SCS after he was offered the demotion and reassignment. The decision of the SCS to demote

and reassign him may be so repugnant to him that he felt he had no choice but to resign, but that, without more, does not qualify as coerced involuntariness.

The administrative judge properly considered the length of time Mr. Steele had in deliberating his resignation as indicia that the resignation was actually voluntary. *Decision* at 3. According to Mr. Steele's own statements, he arrived at his decision over the course of a six-hour drive. Even after he made up his mind, he did not actually resign until September of 1984, six months after he was first told of his demotion and reassignment in March. Substantial evidence supports the conclusion that Mr. Steele's resignation is of his volition.

Mr. Steele has not made the requisite showing under the doctrine of coercive involuntariness to rebut the presumption of a voluntary resignation. We therefore affirm the administrative judge's conclusion that the Board is without jurisdiction over his appeal.

Furthermore, the administrative judge did not err in concluding that, were Mr. Steele's appeal subject to the Board's jurisdiction, it was untimely filed. An appeal to the Board "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). If an appeal is filed after the deadline, "it will be dismissed as untimely filed unless a good reason for the delay is shown." *Id.* § 1201.22(c). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion," which "we will disturb . . . only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "The burden is on the petitioner to demonstrate excusable delay." *Id.*

According to Mr. Steele's submissions to the administrative judge, it was not until 2009, when his memories of the events of 1984 were refreshed while he was penning an article for his college alumni magazine, that he was motivated to appeal to the Board. *Decision* at 5. On this record, the judge's dismissal of his appeal for untimely filing is not arbitrary, capricious, or an abuse of discretion.

CONCLUSION

Because Mr. Steele failed to establish that the Board had jurisdiction over his appeal and because he failed to show good cause for untimely filing his appeal, the decision of the Board dismissing his appeal is *affirmed*.

**AFFIRMED**

COSTS

No costs.