# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHARON BULLOCK,
      Appellant,

      v.

DEPARTMENT OF THE TREASURY,
      Agency.

DOCKET NUMBER
PH-0752-14-0665-I-1

DATE: August 6, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marshall L. Williams, Esquire, Philadelphia, Pennsylvania, for the
    appellant.

Daniel C. Mullenix, Esquire, and Pamela D. Langston-Cox, Esquire,
    Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that neither party has established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant retired from her Tax Examining Technician position effective July 14, 2013.  Initial Appeal File (IAF), Tab 10 at 33.  She filed an appeal alleging that she had been constructively discharged.  IAF, Tab 1.  She alleged that her retirement was involuntary because the agency created a hostile work environment, discriminated against her based on her race, sex, and disabling medical condition, and harassed her in retaliation for her protected equal employment opportunity (EEO) activity.  *Id.*; IAF, Tab 22.  On September 15, 2014, the administrative judge provided notice of what the appellant must nonfrivolously allege to be entitled to a jurisdictional hearing on the voluntariness of her retirement and ordered her to proffer a nonfrivolous allegation of jurisdiction.  IAF, Tab 25.  The appellant filed a motion requesting that the administrative judge vacate this order, arguing that the supplement to her appeal filed on September 10, 2014, satisfied her burden of establishing the Board's jurisdiction.  IAF, Tab 27.  Except for this motion to vacate, the appellant did not otherwise respond to the September 15, 2014 jurisdictional

order. Both parties filed numerous motions to compel discovery and motions for sanctions. *See* IAF, Tabs 12-13, 16-17, 23-24, 26, 28. On December 1, 2014, the administrative judge issued a final discovery order, partially granting both parties' pending motions to compel, requiring them to serve each other responses no later than December 12, 2014, and denying all pending motions for sanctions and motions to strike. IAF, Tab 35.

¶3     The administrative judge issued an initial decision on January 8, 2015, without holding a hearing, finding that the Board lacks jurisdiction over the appeal. IAF, Tab 38, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not made a nonfrivolous allegation that her retirement was involuntary.

¶4     The appellant argues that her retirement was involuntary in view of the allegedly harassing incidents taken against her that occurred from December 24, 2012, to September 15, 2013. PFR File, Tab 3 at 7-8. An employee-initiated action such as a retirement is presumed to be a voluntary action and, as such, is not appealable to the Board. *O'Brien v. Department of Agriculture*, 91 M.S.P.R. 139, ¶ 5 (2002); *see* 5 U.S.C. § 7512. An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary retirement if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). In this context, a nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *O'Brien*, 91 M.S.P.R. 139, ¶ 5.

¶5     When allegations of discrimination and reprisal for protected EEO activity are made in connection with a claim of involuntariness, such discrimination or reprisal allegations may only be addressed insofar as they relate to the issue of

voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). Thus, evidence of discrimination or reprisal goes to the ultimate question of voluntariness. *Id.* Where the appellant has alleged that intolerable working conditions led to her retirement, the Board has held that the appropriate test for involuntariness is whether under all the circumstances the agency made working conditions so difficult that a reasonable person in the employee's position would have felt compelled to retire. *McCray v. Department of the Navy*, 80 M.S.P.R. 154, ¶ 8 (1998).

¶6        We have reviewed the entire record, including the appellant's response dated June 4, 2014, to the agency's motion requesting a show cause order on jurisdiction, IAF, Tab 11, and her supplemental appeal filed on September 11, 2014, IAF, Tab 22. The appellant argues that these filings contain a nonfrivolous allegation of the Board's jurisdiction. PFR File, Tab 3 at 6-8. We do not agree. The appellant has described a stressful work environment in which her work was overly criticized, she was spoken to in a loud and hostile manner in front of coworkers, her work-related questions went unanswered, she was reprimanded for taking long breaks, she was threatened with discipline, and her requests for a new supervisor went unanswered, among other similar conflicts with her supervisors. IAF, Tab 22 at 10-18. But an employee is not guaranteed a working environment free of stress, and a feeling of being unfairly criticized or enduring unpleasant working conditions are generally not so intolerable as to compel a reasonable person to retire. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). According to the appellant, her first-level supervisor, to whom she attributes most of the harassing incidents, was detailed into her supervisory position and was reassigned 1 month after the appellant retired. IAF, Tab 22 at 4-5, 18. Even if the appellant proved her factual allegations of discriminatory and retaliatory conduct, she has not made any allegation that could establish that she lacked viable options to contest the agency's actions without retiring. *See Axsom v.*

*Department of Veterans Affairs*, [110 M.S.P.R. 605](#), ¶ 17 (2009). The appellant has not nonfrivolously alleged working conditions so intolerable a reasonable person would have felt compelled to retire.

### The scope of review the administrative judge applied to the appellant's discrimination claims was appropriate.

¶7     The appellant argues that the administrative judge appears to have limited the scope and timeframe of the appeal to the dates and incidents accepted by the agency in investigating her formal EEO complaint. PFR File, Tab 3 at 6-7. The appellant argues that the administrative judge failed to consider earlier incidents of harassment that were similar and related to those identified by the agency in the letter accepting her formal EEO complaint for investigation. *Id*. at 7. She also claims that the agency did not investigate those incidents during the processing of her EEO complaint. *Id*. She asserts that the Board must consider the arguments regarding these earlier incidents, particularly as set forth in her supplement to her appeal. *Id.* at 7-8.

¶8     The permissible scope of the Board's review of an appellant's discrimination claims on the involuntary separation question is not confined solely to the specific allegations the agency accepted for investigation; rather, it may extend to any discrimination similar or related to the substance of the allegations in the claim and which reasonably can be expected to grow out of the investigation triggered by the claim. *Williams v. Department of Agriculture*, [106 M.S.P.R. 677](#), ¶ 12 (2007). We find that the administrative judge properly followed these principles. The agency filed a motion to strike the appellant's supplement to her appeal on the basis that it raised new issues for the first time on appeal, which went beyond the scope and timeframe of the issues accepted by the agency in investigating her formal EEO complaint. IAF, Tab 29 at 4-7. The administrative judge denied the agency's motion to strike. IAF, Tab 35. The administrative judge considered not only the alleged harassing incidents the agency identified in accepting the appellant's complaint for investigation, but

also the entire report of investigation and the supplemental appeal. *See* ID at 10 (citing IAF, Tabs 8-10, 22). We find no support in the record for the appellant's argument that the administrative judge limited the scope of review to incidents occurring between April 17 and July 2, 2013, and find no error in the scope of review the administrative judge identified. In any event, we have also reviewed the appellant's supplemental appeal and considered the additional incidents describe therein, and we find that she has not made a nonfrivolous allegation that her retirement was involuntary.

The administrative judge did not abuse her discretion in ruling on the appellant's discovery motions.

¶9        Discovery is the process by which a party may obtain relevant information including information that appears reasonably calculated to lead to the discovery of admissible evidence. 5 C.F.R. § 1201.72(a). What constitutes relevant information in discovery is to be liberally interpreted, but discoverable information is not without boundaries and the requesting party must ultimately show that the information sought is relevant or likely to lead to relevant evidence. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 10 (2013). An administrative judge has broad discretion in ruling on discovery matters, and, absent an abuse of discretion, the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013).

¶10      The appellant argues that she was prejudiced when the administrative judge denied her motion to compel the deposition of her second-level supervisor and the production of certain documents, some of which she believes were in the possession of her first-level supervisor. PFR File, Tab 3 at 8. She also argues that she was prejudiced when the administrative judged denied her motions for sanctions against the agency. *Id.* We have reviewed the record, and it does not appear that the appellant filed a motion to compel the deposition of her

second-level supervisor.[2]  We cannot find that the administrative judge erred in denying a motion that was never filed.  We have reviewed the appellant's document requests and find that the administrative judge did not abuse her discretion in denying the appellant's motion to compel responses to document requests 3, 6-12, 26-28, 34, and 38-40, 43.  IAF, Tab 25, Tab 35 at 2.  Further, the appellant has failed to show how these documents would have affected the administrative judge's finding that she failed to make a nonfrivolous claim of the Board's jurisdiction.  Consequently, the appellant has failed to establish that she was prejudiced by the administrative judge denying her motions to compel.  *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (finding that, when an appeal is dismissed for lack of jurisdiction, there is no prejudice to an appellant's substantive rights based on the absence of discovery that did not seek information that would establish the Board's jurisdiction).  Because the appellant did not make a nonfrivolous allegation of jurisdiction, we AFFIRM the administrative judge's decision to dismiss this appeal of lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[2] The record contains a motion to compel the deposition of the appellant's first-level supervisor, which the administrative judge granted.  IAF, Tab 17, Tab 18 at 2.

[3] The administrative judge incorrectly provided the appellant with "mixed case" review rights.  *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1116-21 (Fed. Cir. 2013).  The appropriate review rights are provided below.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.