**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WILLIAM A. EPPS,
          Appellant,

                    v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
DC-0752-15-0654-I-1

DATE: June 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shaun Southworth</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Gregg Avitabile</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has petitioned for review of the September 18, 2015 initial decision in this appeal.  Initial Appeal File (IAF), Tab 9, Initial Decision; Petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

for Review (PFR) File, Tab 1. For the reasons set forth below, we DISMISS the petition for review as settled.

¶2    After the filing of the petition for review, the parties submitted a document entitled "CONFIDENTIAL SETTLEMENT AGREEMENT" signed and dated by the appellant on February 18, 2016, and by the agency on February 19, 2016. PFR File, Tab 4. The document provides, among other things, for the dismissal of the petition for review. *Id*., ¶ 2(a).

¶3    Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms. *See* PFR File, Tab 4, ¶ 10(a).

¶4    In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction; that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of this appeal—the removal of a permanent Federal employee in the competitive service—is within the Board's jurisdiction under 5 U.S.C. § 7701 and 5 C.F.R. § 752.405. IAF, Tab 1 at 15-18. Accordingly, we find that dismissal of the petition for review "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances, and we accept the settlement agreement into the record for enforcement purposes.

¶5    This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal.  The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties.  5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

---

[2]  The administrative judge afforded the appellant nonmixed-case review rights. However, the appellant's appeal is a mixed case because it involves both an appealable matter and a claim of discrimination.  *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1118 (2013).  We have provided the appellant the proper review rights here.

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.