# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS K. SHU,
                    Appellant,

           v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
NY-0752-10-0190-I-3

DATE: September 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David C. Wims</u>, Esquire, Brooklyn, New York, for the appellant.

<u>Alison K. Sablick</u>, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed without prejudice his appeal of the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). However, for the reasons discussed below, we FORWARD the case to the New York Field Office for docketing as a refiled appeal.

¶2  On June 16, 2016, the administrative judge dismissed this appeal without prejudice because the parties agreed to engage in settlement discussions after it was discovered that a portion of testimony had been lost due to technical difficulties and would potentially need to be retaken.[2] *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-3, Appeal File (I-3 AF), Tab 27, Initial Decision (ID) at 2. According to the initial decision, both parties agreed to the appeal being dismissed without prejudice to being automatically refiled on July 22, 2016. *Id.* at 3. The record below also reflects that both parties had agreed to participate in an in‑person settlement conference on July 14, 2016. I-3 AF, Tab 26.

¶3  On July 12, 2016, prior to the refiling of the appeal on July 22, 2016, the appellant filed a petition for review.[3] Petition for Review (PFR) File, Tab 1. The

---

[2] Prior to this, the appeal was also dismissed without prejudice on April 21, 2011, and May 31, 2012. *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-1, Initial Appeal File (IAF), Tab 29; *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-2, Appeal File (I-2 AF), Tab 5.

[3] Although the appellant was represented below, I-3 AF, Tab 6, he filed his petition for review pro se.

agency has not responded to the appellant's petition. In his petition for review, the appellant appears to be under the assumption that his appeal was dismissed with prejudice, which he contends was in error, and he requests that the Board hear his case. PFR File, Tab 1 at 2, 5-7, 13. He also contends that his appeal was dismissed because the administrative judge was retiring. *Id.* at 2.

¶4      An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010). We find that the appellant's assertions on review fail to demonstrate that the administrative judge abused that considerable discretion. The record supports the administrative judge's reasons for dismissing the appeal without prejudice to allow the parties to attempt to reach a settlement.

¶5      The appellant's remaining arguments on review are essentially an attempt to reach the merits of the appeal, which are irrelevant to the issue here of whether the administrative judge abused his discretion in dismissing the appeal without prejudice to refiling.[4] *See Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 11 (2009). When an appeal is dismissed without prejudice to refiling, the Board will not consider arguments raised on review concerning matters that should be considered by the administrative judge once the appeal has been refiled. *See, e.g.*, *Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995).

¶6      Accordingly, because the time to refile this appeal following its dismissal without prejudice has passed, we forward this appeal to the New York Field Office for refiling in accordance with the administrative judge's instructions.

---

[4] To the extent the appellant complains about the overall length of the case and contends that it has been improperly postponed, PFR File, Tab 1 at 2, 8-9, 14, the record reflects that the appeal was previously dismissed based on concerns raised by the appellant's counsel concerning the appellant's ability at that time to participate in the adjudication of his appeal. IAF, Tab 27; I-2 AF, Tab 5 at 2.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[5]**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

---

[5] The administrative judge afforded the appellant nonmixed-case review rights. However, the appellant's appeal is a mixed case because it involves both an appealable matter and a claim of discrimination. *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1118 (2013).  We have provided the appellant the proper review rights here.

discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.