UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MICHAEL F. CARROLL,
                    Appellant,

          v.

DEPARTMENT OF THE INTERIOR,
                    Agency.

DOCKET NUMBER
SF-0752-13-4271-I-1

DATE: December 3, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Alexandra M. Viscusi, Esquire, and Felippe Moncarz, Esquire, Boise,
     Idaho, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his separation for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant held the position of Security Guard.  Initial Appeal File (IAF), Tab 6 at 16.  In March 2013, his primary care physician recommended that he be off work until he saw a neurologist for severe headaches.  IAF, Tab 9 at 12. The following month, the appellant underwent further evaluation with a neurologist who concluded that his exam was normal and suggested that the headaches were stress-related.  *Id*. at 13-14.  Days later, on April 25, 2013, the appellant's primary care physician again recommended that the appellant be off work, this time for an evaluation by a specialist for behavioral modification and stress management.  *Id*. at 15.

¶3        On May 8, 2013, the appellant submitted a leave request, invoking the Family and Medical Leave Act of 1993 (FMLA).  IAF, Tab 6 at 26.  The agency placed him on leave, with final approval of FMLA contingent upon submission of appropriate documentation.  *See id*. at 18.  However, the appellant did not submit any further documentation.  *Id*.  Instead, on May 22, 2013, the appellant emailed the agency, indicating that he was in "fairly good health" and that he did not think FMLA applied to his situation.  *Id*. at 25.  He went on to assert that he was "choosing not to come to work at this time," due to what he characterized as a

hostile work environment and retaliation. *Id.* He requested paid administrative leave. *Id.*

¶4 The agency responded to the email, directing the appellant to return to his position for his next assigned shift, on May 29, 2013. *Id.* at 22-23. Nevertheless, by June 18, 2013, the appellant had neither returned to work nor contacted his supervisor to request leave. *See id.* at 18-19. Therefore, the agency warned that he would be separated by voluntary resignation due to job abandonment if he did not contact his supervisor prior to his scheduled shift on June 20, 2013. *Id.* at 19. The appellant responded by calling his supervisor and indicating that he was not returning to work. *Id.* at 17. He requested that someone with the agency come gather his work-related belongings. *Id.*

¶5 Effective June 20, 2013, the agency executed a Standard Form 50, terminating the appellant's employment due to abandonment. *Id.* at 16. The appellant filed a Board appeal, alleging that he was removed without due process.[2] IAF, Tab 1 at 4. He claimed that his absence was due to medical issues and that the agency had retaliated against him for equal employment opportunity (EEO) and whistleblowing activity. *Id.* The appellant later clarified that he was only appealing under chapter 75, and that his allegations should not be construed as an IRA appeal. IAF, Tab 11 at 2-3.

¶6 Without holding a hearing,[3] the administrative judge dismissed the appeal for lack of jurisdiction. ID at 1. The appellant has filed a petition for review.[4]

[2] Although the appellant did not file his Board appeal within 30 days of his separation, the administrative judge found good cause for his untimeliness, and the agency has not disputed that finding on review. *See* IAF, Tab 43, Initial Decision (ID) at 5-6; *see also Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (to establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case). Therefore, we will not revisit the appellant's untimeliness.

[3] The appellant requested a hearing when he filed his appeal. IAF, Tab 1 at 3. However, the appellant withdrew that request the day before his scheduled hearing, requesting a decision on the written record. IAF, Tab 37 at 1; *see* IAF, Tab 39 at 4-8 (the agency's motion for sanctions, arguing that the appellant exercised bad faith in

Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶7    The appellant's petition again argues that he did not intend to abandon or otherwise leave his position with the agency. *See* PFR File, Tab 1 at 2-5. Instead, he asserts that his continued absence at the time of separation was unavoidable due to medical incapacitation. *Id.* In addition, he suggests that the agency's actions were in retaliation for EEO activity and whistleblower disclosures. *Id.* at 2-3.

¶8    Although the appellant asserts that the agency improperly invoked abandonment, we agree with the administrative judge's findings that the appellant consciously decided not to return to work. *See* ID at 7. The appellant made that decision despite the agency's notice that his failure to return would be construed as a voluntary resignation due to abandonment. *See* IAF, Tab 6 at 17-19. Accordingly, the appellant either abandoned or resigned from his position.[5] We

cancelling the hearing on such late notice, without informing agency's counsel prior to their travels to the hearing), Tab 42 at 1-2 (order denying the motion for sanctions, finding the record insufficient to conclude that the appellant acted in bad faith).

[4] As the agency rightly noted, the appellant's petition does not comply with the Board's formatting requirements. *See* PFR File, Tab 3 at 4 n.1; *compare* PFR File, Tab 1 (single-spaced petition for review), *with* 5 C.F.R. § 1201.114(h) (requirement that a petition for review be double-spaced). However, because the Clerk of the Board did not reject the petition, *see* PFR File, Tab 2, we will consider it.

[5] The appellant's conduct could be construed as abandonment. *See* Office of Personnel Management's Guide to Processing Personnel Actions, Ch. 35 at 1 (Apr. 2014), http://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation#url=Processing-Personnel-Actions (defining abandonment as when an employee does not submit a resignation but fails to report for duty); *e.g.*, *Fugate v. Department of the Interior*, 19 M.S.P.R. 506, 507-08 (1984) (an agency invoked abandonment after an employee went missing while hiking and was never seen or heard from again), *aff'd*, 765 F.2d 162 (Fed. Cir. 1985) (Table); *Poschl v. United States*, 206 Ct. Cl. 672, 687-88 (1975) (before separating an employee for abandonment, an agency must first attempt to determine whether the employee intends to return). However, the appellant's statements and actions could be construed as a resignation. *See generally Balagot v. Department of Defense*, 102 M.S.P.R. 96, ¶¶ 9-12 (2006) (discussing how an employee's statements and actions can signify resignation even in the absence of a resignation letter or other such formality).

find no meaningful distinction for purposes of this appeal. Because the appellant asserts that he was involuntarily separated from his position with the agency, his appeal is properly construed as a constructive adverse action claim.

¶9        An appellant bears the burden of proving, by preponderant evidence, that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). Assuming all other jurisdictional requirements are met, a constructive adverse action claim requires that an appellant prove that (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). One primary method of establishing an employee's lack of a meaningful choice is to show that his separation was the product of agency coercion. *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013).

¶10       Here, the appellant first seems to argue that he lacked a meaningful choice because retaliation for EEO and whistleblowing activity created intolerable working conditions that amounted to coercion.[6]  PFR File, Tab 1 at 2-3; IAF, Tab 22 at 2-3. According to the appellant, he was disarmed, transferred to an unarmed post, and denied training.[7]  IAF, Tab 22 at 2. He also alleged that his hours were reduced, his unscheduled overtime was eliminated, and his email access was blocked.[8]  *Id.*  The administrative judge did not make any

---

[6] When allegations of reprisal for either prior EEO or whistleblowing activity are alleged in connection with a determination of voluntariness, such evidence of reprisal may be addressed only insofar as it relates to the issue of voluntariness and not whether the evidence would establish reprisal as an affirmative defense. *O'Brien v. Department of Agriculture*, 91 M.S.P.R. 139, ¶ 6 (2002). Thus, evidence of reprisal goes to the ultimate question of coercion. *Id.*

[7] The appellant suggests that many of the changes in his working conditions coincided with an investigation into whether the he had engaged in misconduct, including theft, and that this occurred as a result of his EEO and whistleblowing activity. *E.g.*, IAF, Tab 9 at 9, Tab 22 at 2, Tab 40 at 6. However, he concedes that the agency never charged him with any misconduct. IAF, Tab 40 at 7.

[8] The appellant's email access was temporarily suspended after he sent an email to "all employees" requesting donations to hire an attorney and private investigator, while

determination as to the propriety of these purported agency actions. Instead, he found the appellant's assertions vague, conclusory, and insufficient to establish that his situation had become so intolerable that a reasonable person would feel compelled to abandon his employment. ID at 9-15. We agree.

¶11　　To overcome the presumption of voluntariness based on an allegation of coercion, an employee must establish that a reasonable person under the same circumstances would have felt coerced into leaving his position. *See Conforto*, 713 F.3d at 1121. As the administrative judge noted, even if the appellant's working conditions had become unpleasant, he could have simply awaited the outcome of the investigation that had led to these purported conditions and dealt with any resulting discipline rather than refusing to come to work. ID at 10-11; *compare Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 29 (2000) (to prove a constructive discharge, an employee has an obligation to act reasonably, not assume the worst, and not jump to conclusions too quickly), *with Bates v. Department of Justice*, 70 M.S.P.R. 659, 670-71 (1996) (an employee was coerced into resigning by years of continuous and unredressed harassment which escalated to a level of endangering her safety), *and Schultz v. U.S. Navy*, 810 F.2d 1133, 1136-37 (Fed Cir. 1987) (resignation amounted to constructive removal where an employee resigned to avoid a threatened adverse action that the agency knew or should have known could not be sustained). Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Miller*, 85 M.S.P.R. 310, ¶ 32.

¶12　　In his petition, the appellant has not presented any substantive argument to dispute the administrative judge's findings regarding his retaliation claims. Instead, he directs the Board to his previous filings, and asserts that the agency did not present testimonial or sworn statements to dispute those claims. PFR File,

---

alleging that he was the subject of a criminal and malicious investigation by another agency employee. IAF, Tab 28 at 8-9.

Tab 1 at 2-3.  However, as discussed above, the appellant bears the burden of proof, not the agency.

¶13     The appellant next suggests that he lacked a meaningful choice because he was medically incapacitated at the time of his separation.  PFR File, Tab 1 at 2-5. However, we agree with the administrative judge that this argument is not supported by the record.  *See* ID at 9.

¶14     Although the appellant requested FMLA leave in early May 2013, he reversed course just weeks later, proclaiming that he was in "fairly good health" without "any serious medical conditions."  IAF, Tab 6 at 25-26.  For the period between that time and his separation, the record contains no substantive indication that his continued absence was health-related.[9]  Instead, the evidence demonstrates that the appellant chose not to work because of his displeasure with his working situation due to a purported investigation.  *See* IAF, Tab 6 at 17, 25. He requested administrative leave, which was denied, but he submitted no other leave request.  *See id*. at 17-19, 22-23, 25.

¶15     In his petition for review, the appellant puts great emphasis on two agency messages, dated March 27-28, 2013, and a doctor's note, dated April 25, 2013, to argue that he was both medically incapacitated and on approved FMLA leave at the time of his separation.  PFR File, Tab 1 at 3-5.  The agency's messages discuss a March 2013 request for medical leave, while the doctor's note summarily recommends that the appellant be "off work for evaluation by specialist for behavioral modification for stress management."  IAF, Tab 9 at 15,

___

[9] In concert with his appeal, the appellant submitted sworn declarations, asserting that his failure to return to work was the result of medical incapacitation from headaches, anxiety, panic, and fear.  IAF, Tab 9 at 9-10, Tab 40 at 6-7.  However, the administrative judge gave those post hoc statements little weight because they were inconsistent with the medical evidence of record and contrary to the appellant's own statements when he informed the agency that he would not return to work.  ID at 9 n.1; *see* IAF, Tab 9 at 11-15, Tab 6 at 25.  We find no error in that credibility determination. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (to resolve credibility issues, relevant factors include prior inconsistent statements and the contradiction of a witness's version of events by other evidence).

Tab 34 at 26, 29. However, we do not find this evidence, all of which predates the appellant's May 22, 2013 declaration that he was in good health but choosing not to return to work, dispositive. *See Miller*, 85 M.S.P.R. 310, ¶ 10 (the circumstances immediately preceding the appellant's discharge are most relevant in determining the voluntariness of a resignation). Although the appellant had previously invoked FMLA, he specifically revoked that invocation as of May 22, 2013. IAF, Tab 6 at 25-26. No evidence after that date gives any indication that the appellant wanted to be or should have been on FMLA leave. *See id.* at 17-19, 22-25; *see generally Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 75-76 (1997) (discussing the notice requirement under FMLA); 5 C.F.R. § 825.305(d) (providing that an employer may deny the taking of FMLA leave where an employee fails to provide a requested medical certification).

¶16        The appellant asserts that the administrative judge "manifestly ignored [his] known medical incapacitation." PFR File, Tab 1 at 2. However, the administrative judge explicitly addressed the argument in his decision. ID at 9. The appellant may disagree with the administrative judge's findings, but mere disagreement does not warrant further review. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980). Accordingly, the appellant has failed to establish any error in the administrative judge's conclusion that his separation was voluntary and outside the Board's jurisdiction. *See* ID at 15.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                        _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.