**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STOJANKA KESSEL,
               Appellant,

       v.

DEPARTMENT OF COMMERCE,
               Agency.

DOCKET NUMBER
CH-0752-14-0070-I-1

DATE: February 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sandra G. Radtke, Esquire, Milwaukee, Wisconsin, for the appellant.

Alpana K. Gupta, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was an International Trade Specialist for the agency, covering a geographic area in Wisconsin. *E.g.*, Initial Appeal File (IAF), Tab 6 at 65-66 (position description), 94 (Standard Form 50), 125-26 (territory maps). Due to a restructuring, the appellant came under a new direct supervisor, D.F., in late 2011. *See* IAF, Tab 4 at 4, Tab 6 at 31-32. In January 2013, she submitted a request for voluntarily retirement "due to age and time in service." IAF, Tab 6 at 95-96. Her retirement became effective at the end of that month. *Id*. at 94.

¶3        In October 2013, the appellant filed a Board appeal, alleging that her retirement was involuntary. IAF, Tab 1 at 3. She alleged that she had no reasonable alternative but to retire because she had been subjected to unrelenting harassment stemming from her age, gender, and prior equal employment opportunity (EEO) activity. *Id*. The appellant indicated that D.F. was the harasser, with examples including D.F.'s accusing her of not signing a stamp log as required; scrutinizing her reports and accusing her of lying; sending her repeated emails; accusing her of missing deadlines and telling her to improve "or else"; giving her an average performance rating when she deserved higher; requiring her to provide daily reports summarizing her work activities; and taking

away some of her work to give to others. *Compare* IAF, Tab 4 at 4-5 (appellant's allegations), *with* IAF, Tab 6 at 31-48 (D.F. declaration).

¶4      After holding the requested hearing, where the appellant and D.F. testified, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID). The administrative judge found that the appellant failed to prove that her retirement was involuntary. ID at 1. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

The administrative judge applied the appropriate legal standard in dismissing the appeal for lack of jurisdiction.

¶5      In her petition for review, the appellant argues that the administrative judge erred by "not following caselaw about hostile work environment cases" in that she "parse[d] up the complaint into separate categories and render[ed] a finding on each." PFR File, Tab 1 at 5 (citing, *e.g., Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22 (1993); *Murray v. Chicago Transit Authority*, 252 F.3d 880, 889 (7th Cir. 2001); *Williams v. General Motors Corp.*, 187 F.3d 553, 559, 562-63 (6th Cir. 1999)). We do not find persuasive the cases the appellant cited, each of which is a Title VII case and none of which involve a federal employee. Moreover, we do not agree with the appellant's characterization of the administrative judge's analysis.

¶6      An appellant has the burden of proving, by preponderant evidence,[2] that her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). An employee-initiated action, such as a retirement, is presumed to be voluntary and thus outside the Board's jurisdiction. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). An appellant may overcome the presumption by showing show that: (1) her retirement was the product of misinformation or

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

deception by the agency; or (2) her retirement was the product of coercion by the agency. *Id*. at 1124.

¶7   Until an appellant establishes Board jurisdiction over an alleged involuntary retirement, the Board lacks the authority to adjudicate discrimination claims under Title VII standards, including hostile environment claims. *Fahrenbacher v. Department of Veterans Affairs*, 89 M.S.P.R. 260, ¶ 9 (2001); *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). The Board will consider any evidence of discrimination or retaliation together with all other evidence bearing on the voluntariness of a retirement, but it does not need to determine whether discrimination or retaliation has been established under the standards of Title VII, unless and until it is established that the appellant was constructively discharged. *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 8 (2007) (applying this standard to a claim of involuntary resignation).

¶8   To prove involuntariness based upon coercion, as was alleged here, an appellant must show that the agency effectively imposed the terms of her retirement; she had no realistic alternative but to retire; and the retirement was the result of the agency's improper acts. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006). The test for involuntariness is an objective one, requiring the appellant to show that a reasonable employee in the same circumstances would have felt coerced into resigning or retiring. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013).

¶9   Here, the administrative judge correctly applied the above standard. *See* ID at 3-4 (detailing the test for involuntariness based upon coercion and noting that the Title VII claims were considered in terms of the voluntariness). Moreover, despite the appellant's suggestion to the contrary, the administrative judge considered the totality of the circumstances surrounding her retirement. *See* ID at

4 (indicating that the totality of the circumstances was the applicable standard), 5-27 (discussing the appellant's circumstances), 28-29 (finding that, while the appellant found her working situation difficult, her interpretation of the situation was not reasonable). While the administrative judge's decision discusses individually the incidents the appellant alleged in support of her claim, it did so to address the credibility of each and to determine whether these incidents, "independently or combined with other incidents," would have caused "a reasonable person in her circumstances to retire." *See* ID at 7-29.

The appellant has shown no error in the administrative judge's consideration of her prior EEO complaints.

¶10 The appellant argues that the administrative judge's decision omitted pertinent characteristics that lend some credence to her allegations in describing her two prior EEO complaints. PFR File, Tab 1 at 4-5. According to the appellant, the administrative judge omitted the fact that the first, from 2004, involved a hostile work environment complaint, and the second, from 2008, involved a retaliation complaint. *Id.*; *see generally* IAF, Tab 16 at 1 (discussing the timing of the EEO complaints). We disagree.

¶11 Although the initial decision may not have mirrored the language of the appellant, it did describe the EEO activity as "discrimination complaints," involving her "supervisors' alleged abusive behavior." ID at 2, 4. In addition, while the EEO complaints of 2004 and 2008 were of some relevance, the appellant's arguments as to the voluntariness of her retirement were focused on the actions of D.F., her supervisor from late 2011 until her retirement in January 2013. *See* IAF, Tab 4 at 4-5 (appellant's jurisdictional statement), Tab 12 at 4-5 (assertions of facts and summary of expected testimony), Tab 15 (appellant's evidentiary submissions, consisting of emails from 2012-2013 and medical records, but containing no documentation of prior EEO activity); *see also Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 23 (2014) (as a general matter, a comparison of events which are attenuated is less persuasive than a

comparison of those which share a close temporal nexus). Accordingly, we discern no material distinction in the appellant's characterization of her EEO complaints and the descriptions in the initial decision.

<u>The appellant has shown no error in the administrative judge's credibility assessments and fact findings.</u>

¶12 The appellant has presented several arguments challenging the administrative judge's credibility assessments and findings of fact. PFR File, Tab 1 at 5-9. We find no merit to these arguments.

¶13 The appellant argues that the administrative judge erred in drawing an adverse inference from her not calling other witnesses to support two of her allegations. *Id*. at 5-6 (referencing ID at 7, 10). The appellant suggested that it may have been difficult to call others as witnesses to support her claims and that the agency could similarly be faulted for not calling additional witnesses. *Id*. In both instances, she presented one version of events while D.F. presented another, and the administrative judge found D.F.'s version more credible. *See* ID at 7, 10. The administrative judge did note that, while at least one other person was present during the two incidents at issue, the appellant failed to call them as witnesses. ID at 7, 10. However, we are not persuaded that this notation amounted to inappropriate adverse inferences. *See generally Shustyk v. U.S. Postal Service*, 32 M.S.P.R. 611, 614-15 (discussing the limited circumstances in which it may be appropriate to use an adverse inference for a party's failure to produce a witness), *aff'd*, 831 F.2d 305 (Fed. Cir. 1987) (Table). Rather, the administrative judge was merely noting that the appellant had failed to provide any support for her version of events as part of a proper credibility analysis. *See* ID at 7, 10 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (the many factors that must be considered in making a credibility determination include any prior inconsistent statement by a witness; the contradiction of a witness's version of events by other evidence or its consistency with other

evidence; the inherent improbability of a witness's version of events; and the witness's demeanor).

¶14     Moreover, even if the administrative judge did apply an inappropriate adverse inference from the appellant's failure to call the identified witnesses, she has not shown that the error was material.  *See McIntire v. Federal Emergency Management Agency*, 55 M.S.P.R. 578, 584-85 (1992) (finding that, even if the judge erred in drawing an adverse inference, the error did not prejudice any substantive rights because the testimony at issue was not material); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  As previously discussed, the appellant bore the burden of proof, yet she provided little in terms of evidentiary support for any of her allegations, other than her own testimony.  The administrative judge found her interpretation of her circumstances unreasonable.  *See* ID at 29.  We find no reason to conclude otherwise.  *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (there is no reason to disturb the administrative judge's conclusions when the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶15     The appellant also asserts that the administrative judge erred in discrediting some testimony which she characterizes as "unrefuted" or "uncontradicted."  PFR File, Tab 1 at 5-9.  We first note that the appellant's characterization is misleading.  For example, she presented evidence and testimony regarding what she believed to be excessive oversight by D.F. on October 31, 2012.  *See* ID at 17-19; IAF, Tab 15, Subtab B.  In her petition, the appellant calls it unrefuted that the contact and oversight documented on October 31, 2012, was typical of every day. PFR File, Tab 1 at 7.  However, as noted in the initial decision, October 31, 2012, was a day in which the appellant and D.F. worked closely together on a specific project, and D.F. suggested that such projects required more frequent

contact. *See* ID at 19 (finding that the appellant had not shown that the contact on October 31, 2012, was either typical or improper). We note that the administrative judge made an appropriate determination that D.F.'s account of the events on the day in question was more credible than the appellant's. ID at 19.

¶16 In another example, the appellant claimed that she had problems with her agency-mandated Client Tracking System (CTS) reports because they could be accessed or altered by anyone and were oftentimes deleted entirely. PFR File, Tab 1 at 6 (referencing ID at 8-9); *see* IAF, Tab 11 at 32 of 185 (agency policy requiring CTS reports). According to the appellant, her allegation should have been credited because "[n]o one from the agency indicated there was not a problem with [the CTS] system and deleting entries." PFR File, Tab 1 at 6. However, again, the administrative judge made a credibility determination, discrediting the appellant's claims based upon their inherent probability and the lack of supportive evidence. *See* ID at 8-9; *see also Hillen*, 35 M.S.P.R. at 458. Accordingly, we see no reason to disturb the administrative judge's well-reasoned findings on these issues.

¶17 The remainder of the appellant's arguments can be summarized as allegations that the administrative judge misconstrued, confused, or ignored much of her testimony. PFR File, Tab 1 at 6-9. As an initial matter, we note that the appellant's arguments on this point are, at least in part, vague or contrary to the record. For example, while she claims that the administrative judge "confuses two separate reports in finding appellant not credible," she failed to shed any light on the purported confusion. *See id.* at 7. In addition, while the appellant argues that the administrative judge "ignored" some pertinent pieces of her testimony, the decision reveals otherwise. *Compare* PFR File, Tab 1 at 6 (assertion that the administrative judge ignored testimony about D.F. standing over her, beet red, yelling, and pointing his finger), *with* ID at 9 (discussing testimony about D.F. purportedly turning beet red, yelling, and pointing his finger). Nevertheless, having reviewed the record, we do not find that any of the

appellant's arguments provide reason to disturb the findings of the administrative judge, who was in the best position to weigh the evidence. *See Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002) (the administrative judge, as the hearing officer, is in the best position to make factual findings and detailed credibility assessments).

¶18    The Federal Circuit has observed that "[t]he doctrine of coercive involuntariness 'is a narrow one,' requiring that the employee 'satisfy a demanding legal standard.'" *Conforto*, 713 F.3d at 1121. "An employee's dissatisfaction with the options that an agency has made available to [her] is not sufficient to render [her] decision to resign or retire involuntary." *Id*. "[T]he doctrine of coerced involuntariness does not apply if the employee resigns or retires because [she] does not like agency decisions such as 'a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that [she] feels [she] has no realistic option but to leave.'" *Id*. at 1121-22.

¶19    As the administrative judge documented throughout the initial decision, the appellant was subject to some legitimate, albeit stressful, changes. ID at 28-29. These changes included a new supervisor, new telework reporting requirements, and a reduction in the geographic reach of her assigned territory. *See* ID at 3, 6, 14, 23. However, the record does not support allegations that she was also subject to abusive treatment from her supervisor, D.F., or any other such impropriety. *See* ID at 28-29. Instead, the administrative judge found that the appellant unreasonably interpreted almost every interaction with him as a personal attack. ID at 29. The appellant has presented no basis to disturb that conclusion. Accordingly, she failed to meet her jurisdictional burden of proving that the agency effectively imposed the terms of her retirement; she had no realistic alternative but to retire; and the retirement was the result of the agency's improper acts. *See Garcia*, 437 F.3d at 1329.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.