## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JACKIE DELONAIS-OLSON,<br> Appellant, | DOCKET NUMBER<br>DE-0752-15-0210-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br> Agency. | DATE: November 16, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dennis Maloney</u>, Esquire, Aberdeen, South Dakota, for the appellant.

<u>Teresa M. Garrity</u>, Esquire, Bloomington, Minnesota, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed as an Information Technology Specialist. Initial Appeal File (IAF), Tab 5 at 7.  In April 2013, she accepted a Voluntary Early Retirement Authority offer and retired from Federal service later that month.  *Id.* at 4, 7.  In November 2013, she filed a timely formal equal employment opportunity (EEO) complaint of discrimination alleging discrimination in the form of disparate treatment, a hostile work environment, and a constructive discharge based upon her age, race, national original, religion, sex, and disability.  IAF, Tab 8, Subtab A-1.  In January 2015, the agency issued a final agency decision finding that the appellant was not subjected to unlawful employment discrimination.  IAF, Tab 9, Subtab E-1.

¶3      The appellant timely filed this Board appeal in February 2015, in which she asserted that her retirement was involuntary because she was continually harassed, discriminated against, and subjected to a hostile work environment. IAF, Tab 1.  She requested a hearing.  *Id.*  The administrative judge issued an acknowledgment order notifying the appellant that the Board may not have jurisdiction over her appeal, advising her of the applicable law and burdens of

proof, and directing her to submit evidence and argument establishing Board jurisdiction. IAF, Tab 2. The appellant did not respond to the acknowledgment order. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 5. The administrative judge issued an order to show cause why the appeal should not be dismissed, IAF, Tab 6, to which both parties responded, IAF, Tabs 11-12. Without holding the requested hearing, the administrative judge granted the agency's motion and dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that a reasonable employee in her position would have found her working conditions so oppressive that she would have felt compelled to retire. IAF, Tab 13, Initial Decision at 7.

¶4    The appellant has timely petitioned for review. Petition for Review File, Tab 1. She argues that the administrative judge: (1) made erroneous findings of fact regarding whether her decision to retire was voluntary; (2) ignored the fact that, if she had not accepted retirement, she would have continued to be subjected to abusive and demeaning treatment; and (3) misapplied the law, followed improper procedures, and abused his discretion in a way that affected the outcome of the case. *Id*. at 2-3. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    We agree with the administrative judge that the appellant has failed to raise nonfrivolous factual allegations that, if proven, would establish the Board's jurisdiction. An employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009). "'[T]he doctrine of coercive involuntariness is a narrow one' requiring that the employee 'satisfy a demanding legal standard.'" *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (quoting *Staats v. U.S.*

*Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)). An employee's dissatisfaction with the options that an agency has made available to her is not sufficient to render her decision to resign or retire involuntary. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013). Where, as here, the appellant claims that her retirement was coerced by intolerable working conditions created by the agency, the issue is whether, considering the totality of the circumstances, her working conditions were made so difficult that a reasonable person in her position would have felt compelled to resign or retire. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). In making this determination, the Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation or retirement only insofar as those allegations relate to the issue of voluntariness. *Id.*

¶6    The appellant bears the burden of proving by preponderant evidence that the matter she is appealing is within the Board's authority to review.[2] *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 11 *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); 5 C.F.R. § 1201.56(b)(2)(i)(A). If an appellant makes nonfrivolous allegations of jurisdiction, i.e., allegations that, if proven, would establish the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 16 (2013).

¶7    According to the agency's characterizations of the appellant's formal EEO complaint, she asserted that she was subjected to a hostile work environment and discriminated against by her supervisors and a coworker. IAF, Tab 9, Subtab E-1. Specifically, according to the agency, she alleged that: (1) she was forced to take the option of early retirement to avoid further stress and irreparable health issues caused by her first-line supervisor; (2) she was directed to keep her door open at

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

all times; (3) her first-line supervisor had a mirror installed in the work area, which the appellant asserts was an attempt to monitor her activities; (4) her first-line supervisor pointed a finger in her face and yelled at her in the presence of coworkers; and (5) during a staff meeting, her first-line supervisor yelled at her. *Id.* In the attachment to her formal complaint of discrimination, the appellant made several additional allegations. IAF, Tab 8, Subtab A-1.

¶8 The appellant asserted, inter alia, that her first-line supervisor improperly denied her credit time while allowing others credit time and told her to do a better job organizing her time, that her supervisors did not complete certain personnel paperwork in a timely manner, and that her hours were incorrectly marked on her time sheet. *Id.* Additionally, she asserted that her first-line supervisor did not tell others when the appellant was out on leave. *Id.* The appellant also alleged various forms of disrespect and difficulty when doing her work, including that her first-line supervisor reacted badly to her disagreement with another employee during a meeting, she was assigned work tickets to complete with time limits that would expire while she was on leave, her first-line supervisor sent her emails criticizing her spelling and grammar and questioning her about the status of her work tickets and other work tasks, and her first-line supervisor cancelled a meeting that she had set up because she said it was not necessary. *Id.* Additionally, her first-line supervisor called her into her office and told her not to work with certain employees or reassign service tickets to them and took her off a project. *Id.* The appellant further alleged that her first-line supervisor "disrespected" her by saying that her aches and pains were the result of aging and by hanging up on her when they were on the telephone. *Id.*

¶9 Moreover, the appellant alleged that her first-line supervisor and her coworker negatively contributed to her work environment because "[the appellant] would correct things and make sure they were working before [she] left from work . . . and when [she] would return the next day things would be changed or missing" after these individuals stayed late at work and, after the coworker saw

her enter her first-line supervisor's office while the supervisor was gone, she received an email from her first-line supervisor telling her not to go into the office. IAF, Tab 8, Subtab A-1. The appellant also asserted that the coworker and the supervisor moved her files from her cabinet, that the supervisor favored the coworker, and that the coworker bought the supervisor a gift. *Id.*

¶10    The appellant further alleged that her working environment affected her health. She asserted that, after her first-line supervisor stated that she was going to deny her leave request, she broke out in hives. *Id.* Likewise, she also asserted that, in response to her working conditions, she became depressed and had issues with confusion, concentration problems, and a rash break out that required treatment from a doctor. *Id.* In support of her claim, she submitted a letter showing that she was treated for anxiety related to stress at work. IAF, Tab 8, Subtab F-27.

¶11    It is well settled that an employee is not guaranteed a stress-free working environment; dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to retire. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Here, the appellant has described an unpleasant working environment wherein she felt she was unfairly treated. But, the doctrine of coerced involuntariness does not apply, where, as here, the employee retires because she does not like agency decisions "that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that [s]he feels that [s]he has no realistic option but to leave." *Conforto*, 713 F.3d at 1121-22 (quoting *Staats*, 99 F.3d at 1124). Instead, the appellant must demonstrate that the coercion is "the result of improper acts by the agency." *Id.* Although the appellant disagrees with many of her first-line supervisor's decisions and instructions, she has not alleged that these managerial actions were outside of the agency's authority. Thus, considering the totality of the circumstances, we find that the appellant has failed to nonfrivolously allege

that her working conditions were so intolerable that a reasonable person in her position would be compelled to retire. *See Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (finding that the appellant's claims that his supervisor denied his request for advanced leave, spoke to him in a disrespectful way, and did not provide him any assistance with his work assignments, and that a higher-level official refused to grant him an education waiver that would have allowed him to apply for certain vacancies did not evince working conditions so intolerable that a reasonable person would have felt compelled to resign).

¶12        The appellant also asserted that she was suspended for 5 days, that she was escorted out of the building in front of her coworkers immediately prior to the suspension, and that the agency considered certain information that it should not have considered in imposing the suspension. IAF, Tab 8, Subtabs A-1, F-3. The record reflects, however, that the appellant was able to respond to the proposal to suspend her prior to the imposition of the suspension. IAF, Tab 9, Attachment (Att.) 2b. The evidence also does not reflect that the suspension, which was based upon a single charge of improper personal conduct with nine detailed specifications, was the result of improper acts. *See* IAF, Tab 9, Subtab B-1, Att. 2; *see also Conforto*, 713 F.3d at 1122. Finally, we find that a 5-day suspension does not rise to the level of coercion that would render the appellant's retirement involuntary. *See Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 23 (2014) (finding that the agency's decision to suspend the appellant's security clearance did not constitute coercion).

¶13        Based on the foregoing, we affirm the administrative judge's decision to dismiss the involuntary retirement appeal for lack of jurisdiction without holding a hearing.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.