# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD C. BARTEL,

              Appellant,

       v.

DEPARTMENT OF THE AIR FORCE,

              Agency.

DOCKET NUMBER
DC-1221-14-0748-B-1

DATE: December 12, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard C. Bartel, Arlington, Virginia, pro se.

Erin Lai, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action in connection with his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        At all times relevant to this appeal, the appellant held the permanent position of Air Safety Investigator for the Department of the Air Force (the agency), at Kirtland Air Force Base in New Mexico.  *Bartel v. Department of the Air Force*, MSPB Docket No. DC-1221-14-0748-W-1, Initial Appeal File (IAF), Tab 11 at 12, 21-22.  In January 2012, the Department of Defense's (DOD's) Civilian Expeditionary Workforce selected him for a 12-month assignment to the position of Aviation Safety Manager in Afghanistan.  *Id*. at 35.

¶3        The appellant deployed to the Afghanistan assignment in February 2012.  *Id*. at 97.  Just 3 months into his 12-month assignment, the agency returned the appellant to his permanent position at Kirtland.  *Id*. at 21, 97.  The appellant then retired from his position with the agency, effective July 2012.  *Id*. at 12.

¶4        In the instant IRA appeal, the appellant alleged that he was subjected to whistleblower retaliation.  IAF, Tab 1.  His alleged disclosures included one pertaining to maintenance problems with Osprey military aircraft and another pertaining to fraudulent overtime reporting of certain employees in Afghanistan.  IAF, Tab 1 at 5, Tab 24 at 8, 25.  According to the appellant, these disclosures led to the premature termination of his deployment to Afghanistan and his involuntary retirement.  IAF, Tab 1 at 5.

¶5    After holding the requested hearing, the administrative denied the appellant's request for corrective action.  IAF, Tab 50, Initial Decision (ID).  In doing so, he addressed only the cancellation of the temporary assignment in Afghanistan, without addressing the alleged involuntary retirement.  ID at 7-10.

¶6    On review, we affirmed the administrative judge's findings concerning the cancellation of the temporary assignment.  *Bartel v. Department of the Air Force*, MSPB Docket No. DC-1221-14-0748-W-1, Remand Order (Remand Order), ¶¶ 10-16 (Nov. 12, 2015).  However, because the administrative judge failed to address the alleged involuntary retirement, we remanded that matter for further adjudication.  Remand Order, ¶¶ 17-19.  We instructed the administrative judge to provide the parties with an opportunity to submit evidence and argument regarding the alleged constructive discharge and hold a supplemental hearing on that issue, if necessary.  Remand Order, ¶ 18.

¶7    Pursuant to our remand order, the administrative judge ordered the appellant to present argument and evidence that his retirement was involuntary.  *Bartel v. Department of the Air Force*, MSPB Docket No. DC‑1221‑14‑0748‑B‑1, Remand File (RF), Tab 2.  The appellant responded, alleging that he was coerced.  RF, Tabs 3-4.  Without holding a hearing, the administrative judge issued a decision finding that the appellant failed to prove, or even nonfrivolously allege, that the agency created working conditions so intolerable that a reasonable person in his position would have felt compelled to retire.  RF, Tab 5, Remand Initial Decision (RID) at 3-6.  The appellant has filed a petition for review.  Remand Petition for Review (RPFR) File, Tab 1.  The agency has not filed a response.

¶8    In his petition for review of the remand initial decision, the appellant first argues that the administrative judge should have referred his involuntary retirement claim to the Office of Special Counsel (OSC).  *Id*. at 3.  He also asserts that the administrative judge should have held an evidentiary hearing after doing so.  *Id*.  We find no merit to these arguments.

¶9       We first note that the appellant did not request that the Board refer his involuntary retirement claim back to OSC, nor did he identify any basis or requirement for the Board to do so. RF, Tabs 3-4. Moreover, the record demonstrates that OSC already has addressed the matter. IAF, Tab 9 at 7-8. Therefore, we disagree with his assertion that the administrative judge should have referred his claim back to OSC. We next note that our instructions to the administrative judge provided that he should hold a supplemental hearing, only if necessary. Remand Order, ¶ 18. After reviewing the record, we agree with the administrative judge's determination that it was not necessary. RID at 3-5.

¶10      In an IRA appeal such as this, an appellant bears the burden of establishing a prima facie case of whistleblower retaliation. *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). To meet that burden, an appellant must prove, by preponderant evidence, that he made a protected disclosure and that the disclosure was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Lu*, 122 M.S.P.R. 335, ¶ 7. If an appellant does so, the agency is then given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

¶11      Although a decision to resign or retire is presumed to be voluntary and outside the Board's jurisdiction, *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 21 (2014), an involuntary resignation or retirement may constitute an appealable personnel action in an IRA appeal, *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 (2014). An appellant who claims that his retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, including by showing that the retirement was the result of objectively intolerable working conditions resulting from improper acts of the agency. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013).

¶12     As our reviewing court has observed, "[t]he doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard." *Id.* "An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary." *Id.* Accordingly, "coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions such as a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels he has no realistic option but to leave." *Id.* at 1121-22.

¶13     The administrative judge instructed the appellant that he would be entitled to a hearing if he presented nonfrivolous allegations that his retirement was involuntary. RF, Tab 2 at 2; *see generally SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 16 (2011) (recognizing that, in the context of an adverse action appeal, an appellant is only entitled to a jurisdictional hearing over an alleged involuntary retirement if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness); 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation as "an assertion that, if proven, could establish the matter at issue"). The appellant responded by alleging that he was forced to retire after returning from Afghanistan because his working conditions were oppressive. RF, Tab 3 at 3. He asserted that he was assigned only one class to teach, with no other prospects, and he "was essentially seated at [his] desk reading books and reports."[2] *Id.*

¶14     We agree with the administrative judge's conclusion that these allegations, even if true, do not meet the requisite standard. RID at 3-5. The appellant's allegations reflect his own dissatisfaction with his assignment, but they are not nonfrivolous allegations of improper acts that would result in a reasonable person

---

[2] With his limited argument, the appellant presented a number of documents. RF, Tab 3 at 5-78. However, it is not apparent how any relate to the pertinent issue—whether his retirement was involuntary.

feeling compelled to retire. *Compare Lawson v. U.S. Postal Service*, 68 M.S.P.R. 345, 350 (1995) (finding that an appellant failed to present nonfrivolous allegations of involuntariness on the basis of coercion when he retired rather than accept a new assignment with which he was dissatisfied), *with Swinford v. Department of Transportation*, 107 M.S.P.R. 433, ¶ 15 (2007) (finding that an appellant was entitled to a jurisdictional hearing based upon an allegation that he retired only after his supervisor threatened to abolish his job, threatened to make things difficult if he did not retire, placed him on a performance improvement plan 2 weeks after becoming eligible for retirement, and denied his requested sick leave); *Bates v. Department of Justice*, 70 M.S.P.R. 659, 670-72 (1996) (finding that an employee was effectively coerced into resigning by years of continuous and unredressed harassment which escalated to a level of endangering her safety). Because the appellant failed to present nonfrivolous allegations, we find no merit to his assertion that the administrative judge should have held a hearing to further address his alleged involuntary retirement.

¶15    The appellant's remaining arguments are similarly unavailing. To the extent that he suggests that the administrative judge should have coordinated discovery during the remand proceedings, RPFR File, Tab 1 at 5, we disagree. The administrative judge provided the appellant an opportunity to engage in discovery during the prior proceedings, without any limitations that would have prevented him from discovering materials related to his alleged involuntary retirement. IAF, Tab 2 at 3-4. In addition, the appellant submitted his remand arguments and evidence without any indication that additional discovery, beyond that which had previously occurred, was necessary. RF, Tabs 3-4. Moreover, in his petition for review, the appellant has failed to identify any information he would have sought if discovery had occurred during the remand proceedings. RPFR File, Tab 1 at 5.

¶16    The appellant notes that the agency did not file any argument or evidence during the remand proceedings.  *Id*. at 3.  He also summarily asserts that testimony provided during the original proceedings supports his claim that the agency would not have taken any action absent his whistleblowing.  *Id*. at 4. However, as detailed above, it was the appellant's burden to present a prima facie case of whistleblower reprisal, including proof that his retirement was involuntary and constituted a personnel action.  *Lu*, 122 M.S.P.R. 335, ¶ 7; *Colbert*, 121 M.S.P.R. 677, ¶ 12.  Because he failed to do so, the burden did not shift to the agency and the agency was not required to present any argument or evidence. Accordingly, we affirm the administrative judge's remand initial decision, denying the appellant's request for corrective action.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.