NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TALENI TIALINO,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF THE ARMY,**
*Intervenor*

---

2016-1995

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-14-0513-I-2.

---

Decided: January 25, 2017

---

TALENI TIALINO, Victorville, CA, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

————————————

Before O'MALLEY, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Taleni Tialino seeks review of a final order of the Merit Systems Protection Board ("the Board") affirming the administrative judge's dismissal of Tialino's involuntary resignation claim for lack of jurisdiction. *Tialino v. Dep't of the Army*, No. SF-0752-14-0513-I-2, 2016 WL 716297 (M.S.P.B. Feb. 23, 2016). Tialino failed to meet his burden to demonstrate the Board has jurisdiction over his complaint. For the reasons stated below, we *affirm*.

## BACKGROUND

Tialino worked for the Department of the Army ("the Army") as an engineering equipment operator on the Brea Dam near Los Angeles. On January 27, 2014, the Army proposed to remove Tialino from his position based on the following charges: (1) being under the influence of alcohol while on duty to the degree that it interfered with the proper performance of his duties; (2) consuming alcohol while on duty and while in a government vehicle; (3) using a government vehicle for non-official purposes; and (4) lack of candor. Tialino responded orally to the proposed removal, admitting the underlying charges and noting that he was two years away from retirement eligibility. Tialino requested that he be permitted to serve these two years.

The Army's decision letter sustained the charges and set March 28, 2014 as the effective date for Tialino's removal from service. On March 28, 2014, Tialino submitted a signed resignation letter to the Army, stating in

its entirety, "To Whom It May Concern, I Taleni Tialino am resigning today 28 March 2014 to pursue a deferred retirement." The Army processed Tialino's separation as a resignation, effective March 28, 2014.

Tialino then appealed to the Board, claiming that he had involuntarily resigned because the Army provided him with misinformation about his retirement options. The administrative judge ("the AJ") issued an order explaining the burden of proof and applicable law on the issue of the Board's jurisdiction over Tialino's claim and directed Tialino to respond. Tialino's responses contained a variety of allegations, including that Tialino resigned from his position involuntarily because the Army coerced him and misrepresented his options; the Army could not have prevailed in its removal action against Tialino; and the Army discriminated against Tialino based on a medical condition, retaliated against Tialino for whistleblowing, and created a "toxic" work environment. The AJ determined that Tialino had made a nonfrivolous allegation that his resignation was involuntary, and dismissed the appeal without prejudice. The appeal was automatically refiled on January 2, 2015, and the parties supplemented their previous filings in preparation for a jurisdictional hearing.

On January 20, 2015, Tialino declined a hearing to determine jurisdiction and instead requested that the AJ grant jurisdiction based on the written record. After informing Tialino of the consequences of waiving a jurisdictional hearing at a conference and in writing, the AJ ordered Tialino to submit a signed statement if he still wanted to waive the hearing. Tialino submitted a signed statement stating that, "[g]iven that I have established preponderance of the evidence establishing jurisdiction, I am requesting a decision granting jurisdiction be issued based upon the written record." The AJ then conducted another conference to discuss Tialino's request to vacate the hearing on jurisdiction, at which Tialino insisted he

did not desire a jurisdictional hearing. The AJ subsequently issued an order cancelling the jurisdictional hearing, finding that Tialino had been advised of his right to have the hearing and the status of the case, and that he had knowingly and voluntarily waived his right to the hearing.

The AJ then issued an initial decision dismissing Tialino's appeal for lack of jurisdiction. The AJ found that, based upon a review of the entire record and weighing of all evidence, Tialino had failed to establish by a preponderance of the evidence that his resignation was involuntary. The AJ also found that Tialino failed to show that the Army knew it could not prevail in the removal action, which is one way he could have established that his resignation was involuntary. The AJ held that Tialino failed to show that the agency pursued charges it knew it could not sustain.

Tialino filed a petition for review of the initial decision to the Board, which issued its final order affirming the AJ's initial decision dismissing Tialino's appeal for lack of jurisdiction on February 23, 2016. The Board held that the AJ had properly informed Tialino of his jurisdictional burden of proof, and had properly found that Tialino failed to meet his burden to show that his resignation was involuntary.

In its final order, the Board informed Tialino of his appeal rights, specifically stating that this court "must receive your request for review no later than 60 calendar days after the date of this order. . . . [citation omitted]. If you choose to file, be very careful to file on time." *Tialino*, No. SF-0752-14-0513-I-2, 2016 WL 716297 (M.S.P.B. Feb. 23, 2016).

On March 23, 2016, Tialino faxed a request for an extension of time to file his petition for review to this court, within the 60-day time period to appeal. Tialino Br. at A19. It appears that Tialino faxed another request for an

extension of time to this court on March 30, 2016. *Id.* at A24–26. Tialino's third-party representative allegedly called the Clerk's office on April 25, 2016. This representative alleges that the Clerk told him that facsimiles would not be accepted and that any documents must be mailed. On May 2, 2016, this court received a paper submission from Tialino requesting an extension of time to file a petition for review. Tialino attached documentation to this request showing that he had attempted to fax his request for an extension of time to this court on March 23, 2016 and March 30, 2016. This court docketed Tialino's hard copy petition for review. The Army then moved to dismiss this appeal. ECF No. 6. This court denied that motion without prejudice, permitting the Board and Army to raise jurisdictional arguments in the merits briefing. ECF No. 7.

## DISCUSSION

### A. Jurisdiction to Review Tialino's Petition

Before addressing the merits, an appeals court must ensure that it has jurisdiction over the matters appealed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it.") (internal quotation marks and citations omitted).[1]

---

[1] Although Tialino asserted that the Army discriminated against him based on disability (post-traumatic stress disorder and alcoholism) and national origin, *Tialino*, No. SF-0752-14-0513-I-2, 2016 WL 716297, at ¶ 13 (M.S.P.B. Feb. 23, 2016), his case is not a mixed case subject to district court review because the Board dismissed it for lack of jurisdiction. *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1120–21 (Fed. Cir. 2013).

Congress has limited this court's review of final decisions of the Board to those petitions "filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). Failure to comply with that statutory deadline prevents jurisdiction in this court. *See Oja v. Dep't of the Army* 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("Compliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction over this case."); *see also Monzo v. Dep't of Transp.*, 735 F.3d 1335, 1336 (Fed. Cir. 1984) (stating that the filing deadline under 5 U.S.C. § 7703(b)(1) is "statutory, mandatory [and] jurisdictional").

The Board and the Army, as intervenor, contend that Tialino failed to comply with the 60-day statutory time limit for filing his petition for review, given that this court docketed Tialino's mailed request for extension of time to file 69 days after the Board issued its final order. To be timely filed, a petition for review must be received by the Clerk on or before the date the petition is due. Fed. R. App. P. 25(a)(2)(A). Under § 7703(b)(1), Tialino's petition was due on April 25, 2016, but the Clerk did not receive Tialino's hard copy petition for review until May 2, 2016. Tialino therefore failed to submit a hard copy petition for review in a timely fashion. We must consider, however, whether Tialino's faxed requests for extension of time, submitted before the due date for his petition for review, can be construed as petitions for review.

At the time Tialino faxed his requests, this court operated under the following rules:

(a) Facsimile Filing. A motion, response to a motion, reply to a response or letter may be filed by facsimile transmission if the certificate of service by facsimile transmission states that a copy has been served on all parties by facsimile transmission and that the appropriate number of copies of the motion, response, reply, or letter have been

mailed or shipped for delivery to the clerk and the parties on the next business day.

(b) Facsimile Filing Limitation. No document other than a motion, response to a motion, reply to a response, or letter may be filed or served by facsimile transmission.

Fed. Cir. Rule 25(a)–(b) (May 2012). Tialino submitted documentation showing that he or his representative faxed two requests for extensions of time to this court in March 2016, before the filing deadline had passed.[2] We construe Tialino's faxes as timely requests for review of the final order in his case, and move to an examination of the merits of Tialino's claims.

B. Review of the Board's Jurisdictional Determination

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Fields v. Dep't of Justice*, 452 F.3d 1297, 1301 (Fed. Cir. 2006). Whether the Board has jurisdiction to adjudicate an appeal is a question of law that we review de novo. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). We review findings of fact underlying the Board's jurisdictional decision for substantial evidence. *Id.*

---

[2] The current version of the Federal Circuit's Rules of Practice provides that "[a] petition or appeal submitted by a pro se party **must** be filed with the court by mail or delivery, and the court must receive the document by the due date." Fed. Cir. Rule 25(c)(2)(A) (Apr. 1, 2016) (emphasis in original).

The Board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Resignations are presumed voluntary, and an employee who voluntarily resigns has no right to appeal to the Board. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc). The Board has jurisdiction where the employee proves, by a preponderance of the evidence, that his resignation was involuntary and thus "tantamount to forced removal." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). We have recognized that "an involuntary resignation constitutes a constructive removal that is appealable to the [Board]." *Id.*

As discussed above, the AJ found that Tialino made a nonfrivolous allegation that his resignation was involuntary. When an employee makes a nonfrivolous allegation of Board jurisdiction, he is entitled to a hearing where he must prove jurisdiction by a preponderance of the evidence. *Garcia*, 437 F.3d at 1344; *see also Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) ("If the employee successfully makes nonfrivolous allegations of jurisdiction, the Board then conducts a hearing on the merits."). Tialino waived his right to a hearing, and asked the AJ on two occasions, in writing, to decide the jurisdictional issue on the written record. The AJ cancelled the hearing accordingly. Substantial evidence supports the Board's finding that the AJ informed Tialino that she had not yet made a decision on jurisdiction prior to Tialino's requests for waiver, and that Tialino knowingly and voluntarily waived his right to a hearing. Although Tialino argues he did not waive his right to a jurisdictional hearing, the record belies his contention.

Employees typically seek to show that their resignations were involuntary on grounds that the agency: "proposed or threatened an adverse action against the employee," "misinformed or deceived the employee," or

coerced the employee to retire by creating intolerable working conditions. *Shoaf*, 260 F.3d at 1341 (internal citations omitted). To establish involuntariness on the basis of coercion, an employee must show that: "(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency." *Garcia*, 437 F.3d at 1329 (quoting *Shoaf*, 260 F.3d at 1341). The test for involuntariness is "an objective one" that "considers the totality of the circumstances." *Id.* (internal citations omitted). The Board will find an employee's resignation involuntary where the employee shows that he resigned to avoid an adverse action that the agency was not entitled to take. *Terban v. Dep't of Energy*, 216 F.3d 1021, 1026 (Fed. Cir. 2000). But where "an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act." *Schultz v. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987). We have recognized that a "resignation or retirement is involuntary if it is obtained by agency misinformation or deception." *Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984).

Substantial evidence supports the Board's finding that Tialino did not prove by a preponderance of the evidence that his resignation was involuntary.[3] The Board considered all of the record evidence related to the

---

[3] Tialino offers no evidence to support many of the allegations he makes in his petition for review, such as the AJ's alleged ex parte communications with agency counsel and the AJ's alleged bias towards Tialino. Further, Tialino failed to raise these arguments before the Board, and we find them to be waived.

voluntariness of Tialino's resignation, including Tialino's allegations that the Army misled Tialino about his retirement options and that the Army coerced Tialino's resignation. The Board rejected Tialino's claim that he had insufficient time to consider his options, or alternatively that he was unaware of his options. The Army issued the proposed removal letter on January 31, 2014, and did not issue a decision until March 27, 2014. The Army also assisted Tialino with questions regarding his retirement eligibility around March 20, 2014. Tialino acknowledged that he was two years away from retirement during his oral reply to the proposed removal on February 12, 2014. The Board's determinations on this issue are supported by substantial evidence.

The Board also rejected Tialino's claim that the Army knew it could not sustain the charges against him. Tialino admitted to the misconduct underlying the charges— drinking alcohol in his government vehicle while on duty—in his oral reply. While Tialino retracted these admissions in his final sworn statement, the AJ concluded that, based on the photographs of empty beer cans in Tialino's government vehicle and Tialino's earlier admission to misconduct, Tialino did not prove by preponderant evidence that the Army had no reasonable grounds for threatening to remove Tialino. The Board considered Tialino's claims about his intoxication, off-duty status, and alleged whistleblowing in concluding that Tialino failed to show that the Army knew it could not sustain its removal charges. Again, we conclude that substantial evidence supports the Board's findings on this issue.

Tialino also alleges that the AJ failed to consider that his supervisor drafted Tialino's resignation statement. This allegation is of no moment. Tialino signed the resignation statement, acknowledged in his April 15, 2014 statement that he understood what was happening, and, he has never alleged that his signature was forged or that he had not reviewed the letter before signing it.

The AJ weighed the statements offered by all parties and made findings based upon the standards set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 85–87 (1981) with respect to the use of hearsay evidence in Board proceedings. Tialino's claim that the AJ erred in making credibility determinations based only on the written record fails because Tialino waived his right to a jurisdictional hearing and requested a decision based on the written record. Further, Tialino's arguments about the weighing of evidence fail because "evidentiary issues fall within the sound discretion of the [B]oard and its officials." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378–79 (Fed. Cir. 1988). Tialino has not shown that the Board erred on this point.

## CONCLUSION

We have considered Tialino's remaining arguments and conclude that they are without merit. For the foregoing reasons, we affirm the Board's decision.

## **AFFIRMED**

### COSTS

No costs.